DIXON, Judge.
This case arose from a collision at the intersection of Kings Highway and Alexander Street in Shreveport, Louisiana, on May 21, 1966. The case of Barker et al. v. Hruska et al., 221 So.2d 525 on the docket of this court, was consolidated with this case for the purpose of trial.
Plaintiffs here are Thomas R. Vick and his daughter, Linda Ann Vick, who was a passenger in a 1956 Chevrolet automobile driven by Richard S. Hruska. Defendants are Aetna Casualty & Surety Company, liability insurer of Michael R. Barker, and The Hanover Insurance Company, the liability insurer of the automobile which was driven by Richard S. Hruska.
There was judgment in favor of plaintiff Linda Ann Vick in the amount of $12,000 for her personal injuries, and in favor of her father, Thomas R. Vick, for the damages incurred as a result of the injuries to his daughter. The Hanover Insurance Company was cast in judgment, and plaintiffs’ claims against Aetna Casualty and Surety Company, the insurer of Barker, were rejected. Plaintiffs and defendant Hanover have appealed.
The accident happened at about 11:20 p. m. Kings Highway runs east and west; *524 Alexander intersects with Kings Highway-on the south side of- the street only. Kings Highway is marked for four lanes of traffic, two in each direction. Alexander, also a two-way street, carries only two lanes of traffic. Hruska was heading in a westerly direction on Kings Highway; his passenger was Miss Linda Vick. He attempted to turn left onto Alexander, and collided with Barker, who was proceeding in an easterly direction in the outside lane of traffic on Kings Highway.
Hruska’s defense is based on his contention that Barker’s headlights were not burning; that Hruska mistook Barker’s parking lights for headlights, and consequently did not realize the Barker car was close enough to the intersection to create an impediment to his intended left turn.
Hruska’s testimony was that he saw the Barker car, but it appeared to him that it was further from the intersection than it actually proved to be. He said that he noticed, almost at the moment of impact, that what he had assumed to be Barker’s headlights were actually Barker’s parking lights. Hruska contended that this misapprehension caused him to misjudge the distance between Barker’s car and the intersection.
On the other hand, Hruska’s passenger, Miss Vick, testified that Barker’s car was illuminated by parking lights only. She was aware when she saw the car that it had only parking lights-, however, she was not sure whether Barker’s automobile was in motion when she noticed it.
Barker and his two passengers, Donald Gregg Chappell and Ervin Anthony May-eaux, were all convinced that Barker’s headlights were burning.
The evidence in the record adequately supports Barker’s contention. However, even if Barker’s car was only lighted with its, parking lights, the record is clear that the proximate cause of this accident was Hruska’s left turn at a time when- Barker’s automobile was almost upon him. The evidence established that Kings Highway in this area is a well-lighted thoroughfare. Barker’s car should have been visible even in the absence of headlights; it actually was visible both to Hruska and to Miss Vick. Hruska simply misjudged the distance, according to his own testimony. His contention that this error in judgment was caused by the absence of headlights on Barker’s automobile is not convincing.
A heavy burden is placed on the driver of a vehicle turning left.
“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.”
R.S. 32:122.
Turning is prohibited unless it can be made with reasonable safety:
“No person shall turn a vehicle at an intersection * * * until such movement can be made with reasonable safety.”
R.S. 32:104, subd. A.
It was Hruska’s negligence in misjudging his distance from the Barker car that was the proximate cause of this accident;
The defendant Hanover complains that the $12,000 award for Linda Vick’s personal injuries was excessive, and an abuse of the trial court’s discretion. Miss Vick suffered a closed comminuted fracture of the proximal end of the right humerus; there was displacement of the fractures, with anterior and lateral angulation. The fracture lines traversed the bone in a diagonal path. Miss Vick waited at the hospital for some hours before the arrival of the physician, during which time she suffered from pain and shock without the palliative effect of medication. After her physician made a diagnosis from the X-rays, she was placed in a traction device to attempt to reduce the *525 fracture. She remained continuously in the traction device from May 21, the date of her admission, until May 24. She was then taken to the operating room where the fractures were manipulated into place, and then returned to the hospital room where she remained in traction until June 13. The manipulation and reduction was performed under general anesthesia. The evidence of Miss Vick’s pain during the period of her hospitalization is clear and unequivocal. On June 13, an “airplane splint” was applied. She was then discharged and allowed to return to her home in Dallas. She wore the airplane splint constantly for six weeks. The doctor testified that the splint was “not a comfortable apparatus.” After the six weeks in the splint, Miss Vicks carried her arm in a sling for about three weeks, and began a period of therapy to recover the use of her limb, which produced considerable pain. She maintained, at the suggestion of her counsel, a diary to record periods of pain which were worthy of note; the recorded incidents of pain continued to a period shortly before the trial of the case. There was at the time of the trial some atrophy in Miss Vick’s arm as well as some weakness and a limitation in movement. The trial judge heard the testimony and observed the plaintiff and her witnesses.
An award of $12,000 for such a painful injury which left some residual pain and disability is not a shocking abuse of discretion as contended by defendant. The accident occurred May 21, 1966. The trial commenced March 28, 1968. We find no abuse of the sound discretion vested in the trial court in the award of damages to Miss Vick.
The Vicks also contend that Michael Barker was guilty of negligence which was a cause of the accident. Our view of the facts derived from the record exonerate Mr. Barker from fault.
Consequently, the judgment appealed from is affirmed at the cost of defendant The Hanover Insurance Company.