DIXON, Judge.
This is a companion case to Vick et al. v. Hanover Insurance Company et al., 221 So. 2d 523, having been consolidated with that case for the purpose of trial. The plaintiffs here are Michael R. Barker and his mother, Rosemary K. Barker, seeking damages against Richard S. Hruska and The Hanover' Insurance Company for injuries suffered in an accident on May 21, 1966 in Shreveport.
*526 There was judgment in favor of Michael R. Barker in the amount of $8,500, and in favor of his mother, Rosemary Kirk Barker, in the amount of $1,151.41, and against the defendants, Richard S. Hruska and The Hanover Insurance Company, his liability insurer. The defendants appealed and the Barkers answered the appeal praying for an increase in the award.
A review of the facts surrounding the accident is contained in the opinion in Vick et al. v. Hanover Insurance Company, 221 So.2d 523. There we found that Vick was at fault, having turned left in the path of the oncoming car being driven by Michael Barker, and that Barker was free from fault contributing to the accident.
As in the case of Linda Vick, defendant Hanover contends that the award to Michael Barker was grossly excessive, and “should be reduced to, at most, the sum of $5,000.”
Mr. Barker was a high school senior at the time of the accident. He did not complete his school year. He was, at the time of the trial, employed as an advertising salesman for a broadcasting company.
The injuries to Mr. Barker were principally to the area of his mouth and teeth. Three lower front teeth were completely knocked out in the accident; three upper teeth were fractured and died; there were numerous cuts in his mouth, requiring 35 sutures. The damage to his mouth was so extensive that, when one dentist saw him about fifty days after the accident, Mr. Barker’s mouth was so “puffed up” that the dentist could hardly do any work. To repair the damage, it was necessary for the dentist to remove four upper and one more lower tooth in order to install partial plates, consisting of four false teeth each. Mr. Barker had a good set of teeth before the accident. His injuries were painful; the accident made him ill; he suffered considerable discomfort. In addition to the injuries to his teeth, he was so sore from the accident, and weak from his injuries, that for a time he could not walk.
An award of $8,500 to Michael Barker for his injuries is neither excessive nor inordinately low. There is no complaint about the amount of the award to Mrs. Barker.
Consequently, the judgment appealed from is affirmed at the cost of the defendants Richard S. Hruska and The Hanover Insurance Company.