BOLIN, Judge.
These consolidated cases grew out of a collision between two automobiles which occurred on November 7, 1968 about 9:00 p. m., at the intersection of East Kings Highway and Ockley Drive in the City of Shreveport.
Immediately preceding the accident James K. Cunningham was driving his 1963 Ford north on East Kings Highway, which was a two-lane, black-top road at the time. The weather was cold and wet, causing fog on the windows of Cunningham’s automobile. Cunningham was turning left into Ockley Drive and at the same time Nicholas Putch was proceeding south on East Kings Highway driving his 1968 Thunderbird. The accident occurred in the southbound lane as the front end of Putch’s car struck the center of the Cunningham car practically broadside.
McLure, a passenger in the Cunningham vehicle, was rather seriously injured and brought suit No. 11,952 against Cunning *306 ham and his insurer and Putch and his insurer. Prior to trial McLure settled his claim against Cunningham and his insurer but reserved all of his rights against Putch and his insurer. That was the status of No. 11,952 when the consolidated cases went to trial.
Suit No. 11,951, filed by Putch against Cunningham and his insurer seeking recovery for his personal injuries and the damage to his automobile, was predicated upon the alleged negligent operation of the Ford by Cunningham. Royal Indemnity Company, subrogee under a provision of its collision policy, intervened seeking to recover the money paid Putch for damage to his car.
Without assigning written reasons the lower court rejected the demands of the plaintiff in each suit, resulting in Mc-Lure appealing No. 11,952 and Putch and intervenor appealing in No. 11,951. Counsel for several of the parties have stated in briefs before this court that the basis of the decision in No. 11,952 was the trial judge’s conclusion Cunningham was guilty of contributory negligence which was imputed to McLure; and the further conclusion that Putch was operating his Thunderbird at an excessive rate of speed which precluded his recovery under a plea of contributory negligence filed in No. 11,951. There is nothing in the record to indicate the reasons for the two judgments and it would be improper for this court to adopt the reasons recited in the attorneys’ briefs.
We find the accident was caused solely by the negligence of Cunningham in making the left turn from East Kings Highway into Ockley Drive directly in the path of the Putch Thunderbird when the prevailing conditions were such that the maneuver could not have been reasonably expected to be made in safety. As to whether Cunningham engaged his left blinker light before beginning the left turn, he said he could not recall; McLure stated he did not know; and Putch testified he did not see the blinker light. We find that Cunningham did not engage the left turn indicator prior to the time he began his left turn.
McLure testified he lowered the right window, at the request of Cunningham, in order to ascertain if the left turn across East Kings Highway into Ockley could be make in safety. He said at that time he observed the Putch vehicle, approximately three blocks away, approaching from the north on East Kings Highway. At the trial he said the Putch car was traveling at an excessive rate of speed, estimated between 50 and 60 miles per hour. Putch’s version of the accident is directly contrary to that of McLure. He says he was driving about 25 miles an hour when the Cunningham vehicle suddenly turned to the left without warning and at a time when it was impossible for him to avoid the accident. There were no other witnesses as to the speed of the vehicles. A city police officer investigated the accident but because of the weather conditions he was unable to locate any skid marks or to estimate the speed of the Putch car. From our examination of all of the testimony we are convinced Putch was operating his vehicle at a reasonable rate of speed at the time of the accident.
This case is very similar to Vick v. Hanover Insurance Company (La.App.2d Cir. 1969) 221 So.2d 523, involving the collision of two automobiles in the City of Shreveport. In that case the Vick automobile, proceeding on Kings Highway, was being driven by Hruska, who was attempting to turn left into Alexander Street when the vehicle he was driving was struck by an automobile proceeding in the opposite direction. This court held the left-turning motorist simply misjudged the distance and the collision resulted solely from the negligence of the left-turning driver, citing Louisiana Revised Statutes 32:122 and 32:104(A).
Since we have found the sole proximate cause of the accident in these consolidated cases was the negligence of Cunningham, the judgment of the lower court in No. *307 11,952 is affirmed at appellant’s cost. The only question remaining for decision is the proper award to Putch and to intervenor, Royal Indemnity, in No. 11,951.
Putch’s demand for damage to his automobile was based upon an estimate of $2307.50 made by L. L. Tyler on August 18, 1969. Royal Indemnity paid Putch the amount of this estimate, less the $50.00 deductible, and was subrogated to the rights of Putch to that amount. The insurance coverage, including the' right of subrogation, was stipulated.
Cunningham and his insurer, American Indemnity Company, offered the testimony of Bill Norris, an automobile damage appraiser, who estimated the damage to the Putch automobile was $1554.97. The principal difference in the two appraisals resulted from the fact that Norris inspected the car soon after the accident while Tyler made his estimate several months later. Also, it is evident Norris based his cost of repairs on rebuilt parts in some instances while Tyler used the cost of new materials. We find the estimate made by L. L. Tyler, which was the basis on which Royal Indemnity paid plaintiff, is most reasonable.
 Fortunately, Putch was not seriously injured in this accident, although six days later he was involved in a second automobile collision. Much of the medical testimony relates to his physical condition resulting from injuries sustained in the second accident. The only physician who examined or treated Putch between the two accidents was Dr. T. M. Oxford. His diagnosis included contusion of the nose, sprain of the cervical spine, and sprain or contusion of the left shoulder. We find Putch experienced pain and suffering which was temporary and that he has not shown he lost any wages resulting from the accident. For his personal injuries we conclude an award of $1,000 would be adequate. Additionally, he is entitled to recover the $50 deductible portion which he was required to pay ttnder his own insurance policy.
For the foregoing reasons the judgment appealed from in suit No. 11,951 is reversed and set aside and it is now ordered that there be judgment in favor of Nicholas Putch and against James K. Cunningham and American Indemnity Company, in solido, in the amount of $1,050.00, with legal interest thereon from judicial demand until paid. It is further ordered there be judgment in favor of intervenor, Royal Indemnity Company, and against James K. Cunningham and his insurer, American Indemnity Company, in solido, in the sum of $2,257.59 together with legal interest from judicial demand until paid.
It is further ordered that James K. Cunningham and American Indemnity Company pay all costs of these proceedings, including the cost of this appeal.
HEARD, J., dissents for written reasons.