### W. L. SLAYTON & CO. v. NEWTON & MORGAN et al.

(Circuit Court of Appeals, Fifth Circuit. May 24, 1924.)

No. 4264.

1. Contracts ⬅⬤54(1)—Road contractor's agreement to pay percentage of bonds to dealer for bidding on bonds held supported by consideration.

Where contractor, awarded road construction contract subject to sale of bonds, agreed to pay plaintiff, bond dealer, 5 per cent. of bonds on its agreement to submit legal bid, agreement was supported by sufficient consideration, and it was immaterial that plaintiff did not purchase bonds because another bid higher price.

2. Contracts ⬅⬤82, 88—Under Louisiana statute, consideration need not be expressed in contract; consideration will be presumed.

Under Civ. Code La. arts. 1894, 1900, consideration need not be expressed in contract, but will be presumed, until contrary appears.

3. Contracts ⬅⬤108(2)—Road contractor's agreement to pay percentage of bonds to dealer for bidding on bonds held not void as against public policy.

Sources of state's public policy are its constitution, laws, and judicial decisions of court of last resort, and road contractor's agreement to pay plaintiff percentage of bonds for submitting bid thereon, not being prohibited by Constitution, laws, or decisions of Louisiana, federal court could not declare it void as against public policy.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by W. L. Slayton & Co. against Newton & Morgan and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Lewis R. Graham, of New Orleans, La., for plaintiff in error.

B. B. Purser and Shelby S. Reid, both of Amite, La. (Purser & Magruder, of Amite, La., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is a writ of error to a judgment sustaining an exception of no cause of action and dismissing plaintiff's petition.

[1] The material allegations of the petition are substantially as follows: The defendants were awarded a contract for the construction of a public road, subject to the sale, on the following day, of bonds for $99,000, to provide the necessary funds. After being awarded the contract, but before the bids for the bonds were received, the defendants made an offer in writing to pay to the plaintiff 5 per cent. of the amount of the bonds when they were paid for and taken up. The offer contains the expression, "Knowing you are submitting a bid for Road Dist. No. 6 bonds," etc. The plaintiff, who was engaged in the business of buying and selling municipal bonds, accepted this offer, and agreed that he would cause a bid to be submitted of not less than 90 per cent. of the face value of the bonds, which is the minimum price fixed by Act No. 46, Acts 1921 of the Legislature of Louisiana. The market for municipal bonds was weak, and the defendants were in doubt whether a legal bid would be submitted. The plaintiff made a bid slightly in excess of the amount agreed upon. The bonds were sold, but presumably to another and higher bidder. We think the petition states a prima facie case, and that it was error to dismiss it.

[2] The defendants urge that their contract with the plaintiff was void for lack of consideration, and because it was against public policy. In Louisiana the consideration need not be expressed in a contract, but will be presumed until the contrary appears. Civil Code, arts. 1894 and 1900; Viguerie v. Hall, 107 La. 774, 31 South. 1019. Moreover, plaintiff's promise to underwrite and guarantee a valid sale of the bonds, so that funds would be available for the construction of the road, constituted a consideration for defendants' promise to pay. The statement, "Knowing you are submitting a bid," contained in defendants' offer, does not support their theory that the plaintiff did nothing because of the contract which he would not have done without it. The contemplated bid was not to be submitted until the next day, and in the meantime the plaintiff, except for his agreement, would have been at liberty to change his mind and not make any offer for the bonds. Nor does it make any difference that the plaintiff did not purchase the bonds. His undertaking was that they would be sold at a price authorized by law, and that was the whole purpose of the contract.

[3] The sources of the public policy of a state are the Constitution, the laws, and the judicial decisions of the court of last resort of that state. Order of St. Benedict v. Steinhauser, 234 U. S. 640, 34 Sup. Ct. 932, 58 L. Ed. 1512, 52 L. R. A. (N. S.) 459, Ann. Cas. 1917A, 463; Couch v. Hutchinson, 2 Ala. App. 444, 57 South. 75; 6 R. C. L. 710. It is conceded that there is nothing in the Constitution, or

the laws, or the decisions of the Supreme Court, of Louisiana, which prohibits such a contract as was entered into in this case. In these circumstances, it is not for this court to declare the contract between the parties void on the ground that it is opposed to public policy. 6 R. C. L. 711; 13 C. J. 427.

The defendants rely on the case of Conway v. Garden City Paving & Post Co., 190 Ill. 89, 60 N. E. 82. In that case there was a suppression of bids for public work, which, like agreements in restraint of trade, wagering contracts, marriage brokerage contracts, and many others, is almost universally held to be so manifestly prejudicial to the public welfare as to be against public policy. The particular in which the contract under consideration is claimed to be injurious to the public interest is that a contractor would be tempted either to make his bid higher, or to do inferior work, in order to recoup the amount paid to the bond broker. The defendants had the right to buy the bonds, and, having done so, they could then have sold them for 5 per cent. less than their bid, or they could have accepted the bonds in payment for the construction work, and later have sold them at a loss. In either event the result would have been the same as it was under the method adopted in this case.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.