ELLIS, Judge.
On October 14, 1968, plaintiffs herein, together with all other surplus line insurance brokers in the State of Louisiana, were notified by the Financial Responsibility Division of the Louisiana Department of Public Safety that automobile liability policies issued by surplus line insurance companies would no longer be accepted by the Financial Responsibility Division as evidence of financial responsibility for motor vehicle accidents occurring after July 30, 1968. .These suits were brought asking that the defendant herein be enjoined from refusing to accept such policies as evidence of financial responsibility. A temporary restraining order to that effect was issued by the district court, and a hearing held on the rule for a preliminary injunction. The trial court de *833 nied the prayer for a preliminary injunction, and dissolved the temporary restraining order. From that judgment, plaintiffs have appealed.
It is the position of the Administrator of the Financial Responsibility Division that R.S. 32:872(C), enacted as Act 600 of 1968, forbids the acceptance of surplus line policies as evidence of financial responsibility. The specific provision of subsection C relied on reads as follows:
“No such policy or bond shall be effective under this Section unless issued by an insurance company or surety company authorized to do business in the State of Louisiana * *
It is further the position of the Administrator that the words “authorized to do business” as used in the Motor Vehicle Safety Responsibility Law is synonymous with the term “authorized” as applied to insurance companies which qualify under the Insurance Code, Title 22 of the Revised Statutes, either as domestic insurers or foreign insurers admitted to do business in the State. They take the position that surplus line companies are “unauthorized companies” under the provisions of R.S. 22 :- 1251 et seq.
“Surplus line” insurance is regulated by the Insurance Code under the general heading of “Unauthorized Insurance”. R.S. 22:1257 et seq. The coverage can be written only if it is not obtainable from authorized insurers, and can be procured only through surplus line brokers licensed in this State. Not only must the brokers post a bond of $20,000.00, but they may not place the insurance with a company unless it has capital and surplus of $1,000,000.00, has on deposit with the State Treasurer a bond of $50,000.00, and meets certain other requirements. R.S. 22:1262. Such companies are not subject to any further regulation by the Insurance Commissioner, except that he can forbid surplus line brokers to place insurance with companies which do not meet the requirements of the law. Taxes on surplus lines are paid by the brokers. R.S. 22:1265. Under the provision of R.S. 22:1268, surplus line insurers are amenable to service of process through the Secretary of State.
R.S. 22:1259 provides as follows:
“Insurance contracts procured as surplus line coverage from unauthorized insurers in accordance with this Part shall be fully valid and enforceable as to all parties, and shall be given recognition in all matters and respects to the same effect as like contracts issued by authorized insurers.”
“Authorized insurers” are those companies, domestic or foreign, to which certificates of authority have been issued by the State under the provisions of R.S. 22:31 et seq. and R.S. 22:981 et seq. These companies must meet the requirements of those sections and are subject to extensive regulation by the State.
There can be no doubt that the surplus line insurers are “doing business” in this State. Neither can it be questioned that they are doing so under the authority of law. The question presented here is whether the word “authorized”, as used in the Safety Responsibility Law refers to those companies to which the State has issued certificates of authority, or includes all companies permitted by law to do business in the State.
The purpose of the Motor Vehicle Safety Responsibility Law, as revealed by the title of Act 52 of 1952, is “to eliminate the reckless and irresponsible driver from the highways, and to provide for the giving of security and proof of financial responsibility by owners and operators of motor vehicles * * *.” In default of such proof of financial responsibility, following an accident a person may have his drivers license and automobile license suspended. An automobile liability insurance policy is deemed adequate proof, provided it is “issued by an insurance company * * * authorized to do business in the State of Louisiana.” R.S. 32:872(C).
*834 The protection afforded the public by a surplus line policy is just, as great as that afforded by a policy issued by an authorized company. The legislature intended that such policies stand on an equal footing with those issued by an authorized company. R.S. 22:1259, supra. If the word “authorized” as used in the Safety Responsibility Law is used in the same sense as in the Insurance Code, then R.S. 22:1259 is meaningless. We do not think that the legislature intended this result, nor do we believe they intended to penalize those who try to comply with the law by obtaining surplus line insurance, when no other insurance is available to them.
Surplus line insurance can be purchased only by those who are unable to secure insurance from “authorized” companies. If these policies are not acceptable as proof of financial responsibility, there is no way in which such people can protect themselves against the coercive provisions of the Safety Responsibility Law in advance of an accident. In addition to the payment of insurance premiums, they are faced, in the eventuality of an accident, with the necessity of posting a bond or cash security if they are to retain their driving privileges.
We think the better interpretation of the law is the one which harmonizes two sections of the law rather than finds them repugnant, and which does not place those who buy surplus line policies in a class with those who are uninsured. We find that surplus line companies are authorized to do business in Louisiana within the meaning of that phrase as contained in the Motor Vehicle Safety Responsibility Law.
The judgment appealed from is reversed, and there will be judgment in favor of plaintiffs and against defendants ordering that a preliminary injunction issue enjoining and prohibiting them from refusing to accept policies or certificates of insurance by surplus line insurance companies through licensed surplus line brokers as in compliance with the provision of the Motor Vehicle Safety Responsibility Law. Defendants are cast to pay all costs for which they may be held liable under the law.
Reversed and rendered.