CULPEPPER, Judge.
This is a wrongful death action. Plaintiffs are the parents of David Lynn Barrett, a minor who was killed when the motorcycle he was operating was struck by an automobile driven by Joseph L. Guidry. Defendants are Guidry and his alleged liability insurers. Alternatively, in the event Guidry is uninsured, plaintiffs seek to recover from this defendant, Midwest Mutual Insurance Company, liability insurer of the motorcycle, under an alleged uninsured motorist clause.
Midwest Mutual Insurance Company filed a motion for summary judgment on the grounds that its policy covering the motorcycle does not contain uninsured motorist coverage. Also, that since it is an unauthorized insurer in Louisiana and the policy was written as surplus line insurance, (see LSA-R.S. 22:1251-1270) the requirements of LSA-R.S. 22:1406 (D) (1), that all motor vehicle liability insurance policies issued in this state contain uninsured motorist coverage, do not apply.
The district judge granted summary judgment in favor of Midwest. Plaintiffs appealed.
For purposes of the motion for summary judgment, there is no genuine issue of material fact. The pleadings, admissions, exhibits and affidavits filed show that Midwest Insurance Company is not authorized to do business in Louisiana. The policy was issued through John W. Fisk Company of New Orleans, a licensed surplus line broker. It was written in compliance with the provisions of our insurance code governing unauthorized insurance, LSA-R.S. 22:1251-1270, and is “surplus line insurance.” Also, it does not contain uninsured motorist coverage.
In a well reasoned opinion the district judge points out that our insurance code does not regulate the policy provisions of unauthorized insurers. The code regulates the agents licensed by this state to write insurance with unauthorized companies, but it does not seek to control such policies. See LSA-R.S. 22:1251-1270. See also the Commentary by G. Frank Purvis, Jr., LSA Vol. 15 at pg. 40, discussing the provisions of the code regarding unauthorized insurance.
The district judge also points out that LSA-R.S. 22:1406, subd. D (1), which requires that uninsured motorist coverage be included in all automobile liability policies issued in Louisiana, is contained in Part XXX of our Insurance Code, entitled “Louisiana Insurance Rating Commission and Rate Regulation”, LSA-R.S. 22:1401 et seq. The purpose of these provisions is to regulate certain insurance rates in policies issued by authorized insurers. There are no provisions for the regulation of rates of unauthorized insurers. Since Midwest is *76 an unauthorized insurer, it is not subject to these rate regulations and is not required to contain uninsured motorist coverage in its automobile liability policies.
Plaintiffs’ next argument is that the Midwest policy itself provides: “Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes.” The answer to this argument is that there are no terms of the policy as written which “conflict” with the statutes of Louisiana. As stated above, there is no statutory requirement that this policy, written by an unauthorized insurer, contain uninsured motorist coverage.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.