STOULIG, Judge.
Plaintiff, Leon Veal, filed suit against his automobile liability insurer, Interstate Fire & Casualty Company, alleging defendant was liable to him and his children for damages resulting from an automobile accident under uninsured motorist insurance coverage. Defendant’s motion for summary judgment was granted on the basis the defendant, an unauthorized insurer,[1] was not required under our insurance code to provide uninsured motorist coverage in its surplus line policy issued to plaintiff and the omission of such coverage effectively precluded the recognition of plaintiff’s claim. Plaintiff has appealed.
The petition alleges plaintiff and his six minor children suffered damages[2] in a rear-end collision on Airline Highway in Jefferson Parish due to the negligence of Frederick Jordan, who is uninsured. Although his policy does not include uninsured motorist insurance (UMI), plaintiff contends the provisions of R.S. 22:1406 (D)(1)(a) extends this coverage to all Louisiana insureds whether the contract does or does not include it. That section provides:
“D. (l)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor' vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage.”
We note the statute permits the insured to waive UMI coverage and defendant attempted to establish plaintiff signed such a waiver when he applied for the policy. However this ground for summary judgment was not sustained by the evidence because the application was inadmissible. R.S. 22:618(A) provides an application for a policy is not admissible in evidence unless a correct copy is attached to or made part of the insurance contract. Defendant’s assertion that the application was furnished with the policy was denied by plaintiff, and since this factual issue is disputed, the document cannot be consid *347 ered in weighing the merits of defendant’s motion for a summary judgment.
Defendant alternatively contends it is exempt from the mandatory provisions of R.S. 22:1406(D) (1) (a) because it is an unauthorized company writing surplus line coverage. In Barrett v. State Farm Mutual Automobile Ins. Co., 226 So.2d 74, 75-76 (La.App. 3d Cir. 1969), this same argument was maintained for these reasons:
“In a well reasoned opinion the district judge points out that our insurance code does not regulate the policy provisions of unauthorized insurers. The code regulates the agents licensed by this state to write insurance with unauthorized companies, but it does not seek to control such policies. See LSA-R.S. 22:1251-1270. See also the Commentary by G. Frank Purvis, Jr., LSA Vol. 15 at pg. 40, discussing the provisions of the code regarding unauthorized insurance.
“The district judge also points out that LSA-R.S. 22:1406, subd. D(l), which requires that uninsured motorist coverage be included in all automobile liability policies issued in Louisiana, is contained in Part XXX of our Insurance Code, entitled ‘Louisiana Insurance Rating Commission and Rate Regulation’, LSA-R.S. 22:1401 et seq. The purpose of these provisions is to regulate certain insurance rates in policies issued by authorized insurers. There are no provisions for the regulation of rates of unauthorized insurers. Since Midwest is an unauthorized insurer, it is not subject to these rate regulations and is not required to contain uninsured motorist coverage in its automobile liability policies.”
We fully subscribe to these views. In so doing we reject plaintiff’s contention that Barrett was legislatively overruled by the 1970 amendment of R.S. 22:1406(D) adding Paragraph 7, which provides:
“Each nonadmitted company (surplus line underwriter) shall file with the Casualty and Surety Division in accordance with the regulations of the casualty and surety division a copy of each automobile liability policy written by said company.”
Counsel argues this amendment now subjects surplus line insurers to the same regulations that authorized insurers are bound to meet. We disagree. Paragraph 7 simply requires that unauthorized policies be filed with the casualty and surety division. It would appear that had the legislature intended to overrule Barrett, it would have amended R.S. 22:1406(D) (1) (a). The reason for exempting the surplus line carriers from some of the more stringent regulations pertaining to authorized insurers is that they deal in high risk policies because only those who cannot obtain authorized insurance may buy a surplus line policy.[3]
Finally we dispose of appellant’s contention that the public policy of this State is to guarantee UMI coverage to all motorists and their guest passengers. It is our appreciation that R.S. 22:1406(D) (1) (a) statutorily declares the public policy[4] of this State mandates UMI coverage to be included in all contracts of insurance issued by authorized insurers unless specifically rejected by the insured. Appellant’s attempt to extend this requirement of public policy to include policies of insurance issued by unauthorized insurers or surplus line carriers has no basis for support in either case law or statute and must be rejected. The case of Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972), relied upon by appellant, reaffirms that the statutory pronouncement cited above con *348 stitutes a declared public policy of this State but does not concern itself with the issue of whether such public policy is applicable to unauthorized or surplus line carriers. Rather it involves the pro rata distribution of proceeds of UM coverage under several policies of insurance.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
BEER, J., concurs with written reasons.

. The certificate of the insurance commissioner dated April *8, 1974, attesting to the fact that Interstate Fire & Casualty Company is an unauthorized insurer and an eligible carrier for placement of surplus line coverage on Louisiana risks was one of the supporting documents furnished by the defendant.

. Leon Veal, Jr., the driver, was slightly injured; and Alta Givens, wife of Leon Veal, mother of the remaining petitioners, was fatally injured.

. For a detailed distinction between the authorized and unauthorized insurer see Gray and Company v. Stiles, 221 So.2d 832, 833 (La.App. 1st Cir. 1969).

. As stated in the case of W. L. Slayton & Co. v. Newton & Morgan, 299 F. 279, 280 (5th Cir. 1924) : “The sources of the public policy of a state are the Constitution, the laws, and the judicial decisions of the court of last resort of that state.”