Dear Mr. Bergeron:
You have requested an opinion from our office concerning the process in selecting suitable property and casualty insurance for Terrebonne Parish. The requirements that La.R.S. 22:1257 places on the procurement of insurance coverage are explained in Attorney General Opinion 74-475 (attached). The statute itself clearly states that, "[i]f certain insurance coverages cannot be procured from authorized insurers, such coverages, hereinafter designated as "surplus lines", may be procured from unauthorized insurers provided that the insurance is procured through a licensed surplus line broker."
In defining types of insurers, La.R.S. 22:5 states that, "[a]uthorized insurer means an insurer with a certificate of authority or license issued under provisions of this Code or otherwise qualified under La.R.S. 22:2071 et seq." La.R.S. 22:5 further explains that, "[a]pproved unauthorized insurer means an insurer without a certificate of authority, or otherwise qualified under the provisions of this Code, and which is on the list of approved unauthorized insurers under the provisions of La.R.S. 22:1262.1, and from which a licensed surplus line broker may procure insurance under provisions of La.R.S. 22:1257." The same statute also defines surplus line insurance as, "any property and casualty insurance in this state on properties, risks, or exposures, located or to be performed in this state, permitted to be placed through a licensed surplus line broker with an approved unauthorized insurer."
In compliance with the unambiguous language of La.R.S. 22:1257 and in accordance with Atty.Gen.Op. No. 74-475, it is the opinion of this office that "surplus line" insurance coverage may be written or placed by duly licensed brokers in this State only in those instances where coverage cannot be obtained from companies authorized to write insurance in Louisiana. Furthermore, according to La.R.S. 22:1256, any contract formed to the contrary shall be voidable, except by the insurer.
We trust that this answers your inquiry. Please contact our office if you have any further questions or concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ CHARLES H. BRAUD Jr. Assistant Attorney General
RPI/CHB:mjb
DATE RELEASED: January 27, 2003
 OPINION NUMBER 74-475
March 28, 1974
Mr. Edward A. Anderson Assistant Property Insurance Manager Division of Administration Post Office Box 44095 Baton Rouge, Louisiana 70804
Dear Mr. Anderson:
Your letter of March 22, 1974 addressed to Mr. Kenneth Dejean, Assistant Attorney General, has been referred to the undersigned for attention and reply.
You request an opinion as to the legality of the State procuring insurance coverage from a surplus line insurer.
Generally, only those insurance companies, either domestic or foreign, to which Certificates of Authority have been issued by the State under the provisions of R.S. 22:31 et seq. and R.S. 22:981 et seq. are allowed to engage in the business of writing insurance in this State. These companies are delineated "authorized insurers" and generally place insurance contracts directly or through licensed agents.
However, there are instances set out in the Revised Statutes that allow unauthorized insurers to provide insurance policies in the State. R.S.22:1257 provides in part:
 "§ 1257. `Surplus line' insurance in unauthorized insurers
 If certain insurance coverage cannot be procured from authorized insurers, such coverage, hereinafter designated as `surplus lines', may be procured from unauthorized insurers subject to the following conditions:
 (1) The insurance must be procured through a licensed surplus line broker. . . ."
In our opinion this statute would allow "surplus lines" coverage to be written only in the limited instances where the coverage could not be procured from authorized insurers.
Paragraph 2 of the General Conditions attached to your request has the following provisions:
 "Only Capital Stock Companies authorized to do business in the State of Louisiana will be considered for direct policy writing." (Emphasis added)
Additionally, you indicated "responsible bidder" applies only to licensed agents. You also indicated that surplus line brokers have questioned their exclusion from bidding because of the case of Gray andCo. v. Stiles and Irwin Co., Inc. v. Stiles, 221 So.2d 832.
The obvious intent of the conditions referred to is to have authorized companies bid either directly or through a licensed agent. There is nothing in the cited case that would alter this procedure.
The Court, in the Gray Irwin cases recognized that companies writing "surplus lines" coverage were "unauthorized insurance companies" doing specifically what the law allowed thorn to do. i.e., Write coverage when it was not obtainable from authorized insurers.
I would like to point out that R.S. 22:1269 exempts reinsurance and certain other types of insurance from the provisions ordinarily applicable to "surplus lines" coverage but I do not think that the exemptions have any application to the question you presented:
Therefore, it is our opinion that "surplus line" insurance coverage may be written or placed by duly licensed brokers in this State only in those instances where coverage cannot be obtained from companies authorized to write insurance in Louisiana. Further, insurance companies providing "surplus lines" coverage are not "authorized to do business" in this State as required by your bidding specification but are allowed to do business in this State under the limited areas defined in L.R.S. 22:1257
et seq.
If I may be of further assistance, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 By: ______________________ WILLIAM R. CARRUTH, JR. Assistant Attorney General
WRC, Jr: fcd