SHIFF vs LOUISIANA STATE INSURANCE COMPANY.

Eastern Dis.,
April, 1828.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action on a policy of insurance. The plaintiff states he has sustained a loss from one of the perils insured against, to the amount of $770, and that the defendants refuse to pay it.

The contract of insurance is to be construed with reference to the laws of the country where made. Losses casual and inevitable are not a subject of general average.

This loss has arisen, according to the statement in the petition, from the goods which formed the object of the policy having been compelled to contribute in an adjustment of general average at the port of destination, for certain losses sustained by the ship on her voyage from New-Orleans to Hamburg.

The evidence shews this loss proceeded from the vessel being obliged to carry a press of sail to avoid the dangers of a lee shore.—

The protest of the captain and crew, given on her arrival in port, states, that immediately after escaping the danger they found the ship to leak very much, and that as soon as an opportunity was offered for examination, they discovered she had sustained damages that must be presumed to have arisen from the ship hav- .

ing been strained by the quantity of sail put on her.

SHIFF
*vs.*
LOUISIANA
STATE INS.
COMPANY.

The plaintiff has very clearly established, that by the *lex mercatoria* of the continent of Europe, such an injury as this to a vessel furnishes a claim for general average. *Nouveau Valeri* 607; *Pardessus, Droit Commercial, vol.* 3, 185; *Boulay Paty, Droit Commercial Maritime, 4th, 445, 446; Emerigon vol.2, cap, 12, sect.* 41; *Jacobson's Sea Laws, liv. 4, cap.* 2, 346.

But it is equally clear, that by the law merchant of the United States, and of Louisiana, it does not: *Stevens on Average*, 157 & 158; *Parke on Ins.* 173; 8 *Mass.* 468; 6 *Taunton* 501; *Phillips* 370. With us, all casual and inevitable damage and loss, as distinguished from that which *is purposely incurred*, is a subject of particular, not general average.

The question, therefore, presented for our decision in the case before us, is, whether the defendants are responsible for a loss which has arisen from the laws of the country where the goods were to be delivered subjecting them to general average, when those of the place where the contract was entered into did not?

The general rule is, that contracts are pre-

Eastern Dist.
*April*, 1828.

SHIFF
*vs.*
LOUISIANA
STATE INS.
COMPANY.

sumed to be entered into in relation to the law prevailing in the country where they are made, and that this law governs them. This principle is believed to be universal and unbending, subject only to these exceptions: when the parties agree to be governed by rules other than those existing in the place where the agreement was entered into, or where the contract is to be performed in another country.— The contract of assurance is as much within the controul of these rules as any other: *Tout ce qui concerne la decision du fond*, (says Emerigon) *est regi par la loi du lieu du contrat. On doit les interpreter* (says Boulay Paty) *en general suivant les regles d'equite qui est l'ame du commerce, et suivant le style, les usages du lieu ou l'assurance a ete faite. Emerigon, vol.* 1, 125; *Boulay de Paty cours de droit Commercial Maritime, vol.* 3, 333; 4 *East.* 135, 1 *John Cas.* 341.

The first exception noticed above is not presented here; there is nothing said in the contract from which we can infer the parties contemplated any other law but that of their own country. It is contended, however, the second is. The voyage, it was urged, is foreign in its inception, and in its termination.

Eastern Dist.
*April*, 1828.

SHIFF
*vs.*
LOUISIANA
STATE INS.
COMPANY,

Admitting it to be so, the question is still open, whether the contract which is the sub⁻ ject of this suit, was foreign, either in its com- mencement or its end.

It seems difficult to discover any ground on which it can be so considered. It was execu- ted in New-Orleans, and it was to be perform- ed here: here the parties signed it, and here, in case the insurers became responsible, the payment was to be made. The performance of it was not, therefore, *in another country*, and, on that ground, there is no reason for tak- ing the case out of the rules already stated.

It is true, many of the events on which the defendants would incur responsibility, might, nay, from the nature of the contract, must, take place out of the country where it was entered into. But this is a quite different case, from the contract being performed in another coun- try. None of the writers on this most perplex- ing of all subjects, the conflict of laws, gives this as an exception to the rule: in reason, there is no foundation for making it one. Par- ties contracting in one country in relation to certain things which have occurred, or may occur, in another, cannot be presumed to have abandoned their own law, because they con-

Eastern Dist.
*April*, 1828.

SHIFF
*vs*
LOUISIANA
STATE INS
COMPANY.

tract at home, and must perform at home. If a man were to become surety in New-Orleans, that an agent sent from this place to London, would faithfully perform his duties, it would be understood the duties of agency imposed on him by the laws of Louisiana, not those of England, in case a difference should exist between them on this subject. Parties are always presumed to contract in relation to their own laws, unless the contrary is clearly shewn. *La presomption*, (says the author already cited) *est toujours que les parties ont entendu se conformer a la loi, s'il n'y a ete expressement deroge dans le police.* When the defendants agreed to become responsible to the plaintiff for *general average*, we believe they understood what was known to the laws of their own country as such, and that they are not responsible in this instance, as by these laws, the injury sustained was one of *particular average.*— *Boulay Paty, vol.* 3, 333.

It was argued, the contract was one of indemnity, and that, by this doctrine, the agreement ceased to be one. To this, the answer given at the bar is satisfactory. The contract is not one of indemnity against *all perils*, but against *all covered by the policy of insurance*;

Eastern Dis.
*April*, 1828.

SHIFF
*vs.*
LOUISIANA
STATE INS.
COMPANY.

this, of course, leaves the question open, whether that which produced the injury here was one of those insured against.

We have examined with attention the different authorities which were cited in the argument. Phillips, who gives a summary of them, we think, concludes very justly, "that they shew the difficulty of the question, without seeming to present any principle on which it may be satisfactorily settled." Contradictory as they are, they offer nothing which can control the court in rendering that judgment, which, on the general principle stated in this opinion, it feels compelled to pronounce. *Phillips on Ins.* 369; *Park* 630; *3 John. Cas.* 178; *11 John.* 323; *4 Maule & Selwyn* 141.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided and reversed: And it is further ordered, adjudged, and decreed, that there be judgment for the defendants with costs in both courts.

*Slidell* for the plaintiff, *Eustis* for the defendants.