**WHEAT v. WHITE et al.**

No. 57.

District Court, E. D. Louisiana, New Orleans Division.

May 6, 1941.

See, also, D.C., 38 F.Supp. 791.

Roland C. Kizer, of Baton Rouge, La., for plaintiff.

John May and Henry & Kelleher, all of New Orleans, La., for defendant Travelers Indemnity Co.

Milling, Godchaux, Saal & Milling and R. E. Milling, Jr., all of New Orleans, La., for defendants Walter H. White and another.

CAILLOUET, District Judge.

The plaintiff brings his action to recover damages for the accidental death of his wife, against Walter H. White, resident and citizen of Mississippi, not engaged in any business in Louisiana, but making occasional trips to New Orleans or to Baton Rouge, as the necessities of his legal practice or business affairs require, and against two other defendants, one of which is the Consolidated Underwriters, an insurance company or association existing under the laws of Missouri, qualified to do business in Mississippi and at the time of the auto-

mobile accident which is the basis of such action, qualified to do and actually doing business in Louisiana.

Defendant White, as owner of the automobile involved in said accident, subscribed for said Consolidated Underwriters' contract of insurance, covering his 1938 Packard sedan which was purchased, held, owned and kept by him in Mississippi, and protecting him, amongst other things, against loss "by reason of the liability imposed by law upon the subscriber for damages on account of bodily injuries (including death resulting therefrom) accidentally inflicted upon any person, etc."

Such contract, an admittedly true photostatic copy whereof is in the record, was executed and issued to said subscriber by no Louisiana office of said Consolidated Underwriters, but was actually applied for and was executed and issued, from its office located at Gulfport, Mississippi.

It is stipulated that at and from the time of the issuance and delivery of said insurance contract until now, Mississippi had and has no statute or law prohibiting and invalidating the conditions and limitations on the right to sue Consolidated Underwriters, which are found contained in the contract, as for instance, viz: "E. No action shall lie against the Underwriters * * * until the amount of the Subscriber's obligation to pay shall have been finally determined either by final judgment against the subscriber after actual trial or by written agreement by the Subscriber, the claimant and the Underwriters, etc."

The defendant Consolidated Underwriters, in its "First Defense" urges, inter alia, "* * * that full faith and credit must be given to the aforesaid automobile insurance contract in the Courts of Louisiana in accordance with the requirements of Article 4, Section 1, Article 1, Section 10, and Section 1 of the Fourteenth Amendment of the Constitution of the United States, and in view of the foregoing, no recovery can be had against Consolidated Underwriters; for any Court of Louisiana to permit recovery against Consolidated Underwriters would deprive Defendant of its rights and property in violation of the aforesaid constitutional provisions."

Under Section 1 of the Louisiana Act 55 of 1930, an injured person, or his heirs, are accorded the right of direct action against the insurer company "within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile," etc.

It is contended by the plaintiff that his suit against Consolidated Underwriters is authorized by the foregoing statute, whilst the insurer insists that since it has no relationship whatever to any claim that can be asserted by plaintiff, except such as may flow from the contract of insurance relation between it and its assured, it follows that the terms of the contract must be enforced as written, and that so enforcing it, no suit can presently be maintained against it, the insurer, inasmuch as neither "by final judgment against the subscriber after actual trial" nor "by written agreement by the Subscriber, the claimant and the Underwriters" has "the amount of the Subscriber's obligation to pay" been finally determined.

An insurance policy is a contract, and the rules established for the construction of written instruments apply to contracts of insurance. Phillips v. New Amsterdam Casualty Co., 1939, 193 La. 314, 190 So. 565.

The contract contained in the policy of insurance here at issue is a Mississippi contract, and the law of that state entered into it and became a part of it; the provisions of the Louisiana statute can not now be engrafted into such contract, so as to make it, substantively, a different and more onerous one than the contract entered into between Consolidated Underwriters and Walter H. White. Aetna Life Ins. Co. v. Dunken, 1924, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342; Home Ins. Co. v. Dick et al., 1930, 281 U.S. 397, 50 S.Ct. 338, at 341, 74 L.Ed. 926, 74 A.L.R. 701.

The general rule is that a contract valid under the governing law of a state is valid everywhere, unless such contract violates the fixed public policy of the state in which an action is brought on the contract. The Mississippi contract of insurance, here involved, is valid in Louisiana and must be enforced as written, unless it violates the fixed public policy of Louisiana, as the same is reflected by the Constitution of the State, its statutes and its jurisprudence, or either.

The contract violates no fixed public policy of the State and this Court can not, therefore, refuse to give full effect to its provisions, one of which justifies the contention of Consolidated Underwriters that no action lies against it, in view of the fact

that, concededly, "the amount of" defendant White's "obligation to pay" the claimant, Julius B. Wheat, has not been finally determined, either by final judgment against said assured or by written agreement of himself, the plaintiff and insurer.

"A contract is not necessarily contrary to the public policy of a state merely because it could not validly have been made there; nor is it one to which comity will not be extended merely because the making of such contracts in the place of the forum is prohibited. To have that vitiating effect the transaction must be considered *inherently vicious, wicked, or immoral, or so pernicious or detestable as to shock the prevailing moral sense, or be contrary to public good."* (Italics supplied.) 17 C.J.S., Contracts, § 16, p. 345, at pp. 349, 350.

The State of Louisiana is without power to affect the contract so legally made in Mississippi by a resident and citizen of Mississippi with a Missouri company qualified to do, and doing, business in both Mississippi and Louisiana; but doing no business in Louisiana, at any time, as respects the Walter H. White insurance contract, which, under Mississippi law, can be legally enforced as written.

The provisions of the Louisiana Act 55 of 1930, granting the right of direct action against an insurer company, can not, under the circumstances attending this particular case, re-write the said insurance contract, in the face of the Constitutional prohibition against deprivation of property without due process of law.

No one but the plaintiff invokes the Louisiana statute, and he may not be permitted to do so because the statute can have no application if the insurance contract remains unchanged; and Consolidated Underwriters can not legally be put to a defense of plaintiff's action at this time, under the express contractual terms.

The plaintiff's claim to damages can not relate in the remotest manner to the Consolidated Underwriters, except by reason of the existence of the White insurance contract, and the policy terms specifically deny him the right to sue the insurer at this time.

For the foregoing reasons, there is no basis for plaintiff's present action against the defendant, Consolidated Underwriters, and as to said defendant such action should be dismissed.

Accordingly, let the proper decree of dismissal be presented in due course.