SARTAIN, Judge.
Plaintiffs, Mr. and Mrs. Clifford Deane, while passengers in an automobile driven by their son-in-law, Eugene Dunetz, were injured in an accident which occurred in the 7900 block of Jefferson Highway in Baton Rouge at about 7:30 p. m. on September 15, 1968. Plaintiffs were residents’ of Florida and were in Baton Rouge for a visit.
The trial judge found that the driver of the other car involved in the accident, defendant Roger O. McGee, a minor, was solely responsible for the accident and that his father, defendant William W. McGee, was liable for the tort of his minor son under La.C.C. Art. 2318. The issue of their liability is not contested on appeal. It was further found that the tort feasor was an uninsured motorist.
Also named as defendants were Hanover Insurance Company and Allstate Insurance Company, each of which had in force a policy providing uninsured motorist coverage for the Dunetz vehicle in the amount of $5,000.00 per person and $10,000.00 per accident for bodily injury, and State Farm Mutual Automobile Insurance Company, which had in force a policy providing uninsured motorist coverage to the Deanes on their automobile, in the amount of $10,000.-00 per person and $20,000.00 per accident for bodily injury. The latter policy was issued in the state of Florida, where the Deanes resided, and conforms to the minimum limits of coverage under Florida law.
The main issues on appeal involve the extent of liability of these insurers. Plaintiffs also ask us to review the amount of the awards: Mr. Deane was awarded $22,902.63 for his injuries and expenses and Mrs. Deane was awarded $6,000.00 for her injuries. None of the insurers has answered the appeal asking for a reduction in the awards or for a reapportionment inter sese of the amounts for which they were cast.
We find that the awards made by the trial judge are not excessively inadequate and we affirm the same.
We also affirm that portion of the judgment which cast Allstate Insurance Company and Hanover Insurance Company each in the amount of $2,500.00 in favor of Mr. Deane. However, we find that the trial judge erred in interpreting the State Farm Mutual policy so as to limit the liability to Mr. Deane thereunder to $5,000.00 and we amend that portion of the judgment, increasing the liability to $10,000.00.
With respect to Mrs. Deane, the trial judge cast Allstate and Hanover in the amount of $2,500.00 each and cast State Farm Mutual in the amount of the balance of her award, viz. $1,000.00. She was thus fully compensated for her injuries and, since we affirm the amount of the award in her favor, that portion of the judgment is final.
This case involves the interpretation of “other insurance” clauses of uninsured motorist insurance policies. This area has *657 been the subject of much litigation in all of our Courts of Appeal in recent years. It appears that these clauses are substantially the same in all insurers’ policies and involve two basic relationships between multiple insurers. In most of these cases and in the instant case, the coverage is the minimum required by statute, $5,000.00 per person and $10,000.00 per accident.
The first relationship is that of an “excess” insurer to a “primary” insurer, that is, an insured who is injured while occupying a non-owned automobile must first look to the insurer of that automobile for recovery. His own insurance is considered excess over and above such primary insurance and then only to the extent that the limits of liability of his policy exceed the limits of liability of the primary policy.
Our jurisprudence in all circuits has consistently honored this relationship and in addition has limited the amount of recovery of an injured person to the statutory minimum protection of $5,000.00, even though the actual loss is greater than $5,-000.00. If this amount is recoverable from the primary insurer, the excess insurer pays nothing. If only a part of the $5,-000.00 is recoverable from the primary insurer (for example, where several persons are injured and the $10,000.00 “per accident” limitation prevents full recovery by all), the excess insurer is liable only for the portion of the $5,000.00 not recovered by its insured from the primary insurer. The rationale has been that our insurance code, L.R.S. 22:620, subd. A and 22:1406, subd. D, requires an insured to be protected up to $5,000.00 per person per accident for bodily injury but that insurers may insert clauses in their policies to restrict recovery from all sources to that amount.
The other relationship is that between multiple primary insurers or multiple excess insurers where there is no primary coverage. The “other insurance” clause provides that the damages of one insured for bodily injury sustained in one accident shall not be deemed to exceed the higher (or highest) of the limits of liability of the multiple policies. As noted, the policies will generally contain the same required limits of $5,000.00/$10,000.00, so the damages per person are not deemed to exceed $5,000.00. The clause further provides that such damages will be pro-rated between the multiple insurers occupying the same status: primary, or excess if there is no primary. Following the same rationale mentioned above, we recently held that one injured person could recover only a total of $5,000.00 from three different policies under which she was an insured, although her actual damages totaled $25,000.00. In that case, there was no primary insurance and the three policies were excess. In giving effect to the pro-rata clause, each policy paid one-third of the $5,000.00. Graham v. American Casualty Company of Reading, Pennsylvania, 244 So.2d 372 (1st La.App.1971). The cases cited therein adopted the same theory in considering the maximum recovery permitted in primary-excess relationship between insurers.
In the instant case, we adopt this line of jurisprudence and affirm the trial judge’s determination that Allstate and Hanover, which are co-primary insurers, have a maximum combined liability to each plaintiff of $5,000.00 and under the pro-rata clause of each policy each is liable for $2,500.00.
We are aware that our Supreme Court has granted writs in the Graham case and that some of our sister states have taken a different view of “other insurance” clauses in uninsured motorist coverage. Florida is one such state and we must now consider the effect of that state’s law on the State Farm Mutual policy which was issued to the Deanes in Florida.
The State Farm Mutual policy contained the same “other insurance” clauses discussed above and under the Louisiana jurisprudence it would be considered excess coverage in this case. However, such clauses are invalid in Florida. In the case of Sellers v. United States Fidelity and *658 Guaranty Co., 185 So.2d 689 (Fla.1966), the Florida Supreme Court held that an “excess” insurance clause was invalid because it was inconsistent with the intent of. the Florida statutes relative to uninsured motorist insurance protection. . The court followed the lead of the Virginia Supreme Court in Bryant v. State Farm Mutual Automobile Insurance Co., 205 Va. 897, 140 S.E.2d 817 (1965), which declared such clauses void and of no effect based on identical statutory language.
The question before the court in Sellers, supra, was the validity vel non of “other insurance” clauses generally and the court’s decision included both “excess” clauses and “pro-rata” clauses. It is clear that the court rejected the concept that one policy could be considered “excess” coverage; rather, all policies would be considered “primary”. The concept of proration would be limited to the situation where the claimant’s actual loss was less than the combined policy limits and proration would prevent double recovery. The court illustrated the point as follows, at 185 So.2d 692:
“* * * It is further our view that the statute does not intend that an insured shall pyramid coverages under separate automobile liability insurance policies so as to recover more than his actual bodily injury loss or damage. By way of illustration, if his loss amounts to $30,000 because of bodily injury inflicted upon him by an uninsured motorist, we see no reason why, if he is the beneficiary of three automobile liability insurance policies he may not recover the maximum allowed under each policy. If, on the other hand, his loss is under the $10,000 policy limit and he is covered by more than one automobile liability insurance policy equally responsible for his loss, or if his loss in an automobile liability covered accident is more than $10,000 but less than the sum of the limits of multiple policies protecting him, then in such situations under paragraph number 4 of the statute proration among the insurers would be in order.”
It is clear that under Florida law the “other insurance” clauses in the State Farm Mutual policy issued to plaintiffs in this case were illegal and invalid ab initio and never formed a part of the contractual agreement between the parties. La.C.C. Art. 10 provides in part as follows:
“The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
“But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect.
if* *
Although it is argued by appellee State Farm Mutual that the insurance policy was “to have effect” in Louisiana and should now be read in the light of Louisiana law, we do not think that the above Article allows us to breathe life into a purported contract provision which was illegal, invalid and of no effect ab initio between the parties to the contract under the law of the place where it was executed.
We therefore conclude that State Farm Mutual is liable to Mr. Deane in the full amount of its policy limits of $10,000.00, since his damages exceeded the total amount of insurance available, and the judgment will be amended accordingly.
We recognize that the trial judge’s apportionment between the three insurers of the $6,000.00 award in favor of Mrs. Deane is inconsistent with the foregoing analysis but, as noted above, the issue of that apportionment is not before us on appeal.
On the issue of quantum, Mr. Deane received the more serious injuries. He was rendered unconscious in the accident and was first treated for a substantial head laceration, a bruised hip and sprained *659 wrists. He later had complications in the nature of a cervical sprain and was referred to Dr. Flynn, a neurosurgeon. X-rays revealed degenerative changes at the fifth and sixth cervical levels and Dr. Flynn found that Mr. Deane had advanced cervical arthritis. A myelogram revealed a complete block of the spinal canal at the fourth and fifth cervical level and Dr. Flynn performed an anterior interbody fusion and removed the degenerated disc and then impacted bone in the area. He termed the operation successful but estimated a residual functional disability of the neck at about 25%. Dr. Flynn was of the opinion that the accident aggravated an existing osteoarthritic condition which otherwise would have probably remained dormant.
The trial judge noted that despite his advanced age of 72, Mr. Deane had been leading an active and useful life and that the accident had caused an abrupt change in his physical fortunes and good health and that an award of $22,902.63, including $20,000.00 for Mr. Deane’s serious physical injuries, was warranted. We do not think that this award is so inadequate as to reflect an abuse of the discretion vested in the trial judge under La.C.C. Art. 1934(3).
Mrs. Deane suffered a simple fracture of the right radius in the area of her right wrist and a laceration of the same wrist. She wore a cast on her arm for six to eight weeks but experienced some pain and discomfort in doing housework for a few months after the cast was removed. She was left with a marked protuberance on her right wrist and at the time of the trial, some two years after the accident, she still complained of discomfort in letter writing and other household activities which required lateral flexion of her hand. Her doctor estimated a residual disability of the hand of about 20%. Plaintiffs contend that $6,000.00 is excessively inadequate to compensate her for these injuries and resulting disability and refer us to the cases of Hesse v. Marquette Casualty Co., 170 So.2d 173 (4th La.App.1965) and Vick v. Hanover Insurance Co., 221 So.2d 523 (2d La.App.1969).
In the Hesse case, the plaintiff suffered a compound fracture of both bones in her right arm and required hospitalization on three different occasions during the following thirteen and a half months. A rush pin was required to reset the bones and a bone graft was later necessary. She needed a cast for a total of four months, she was unable to use the arm because of pain for sixteen months and was left with an eight inch scar on her arm. The Court of Appeal upheld an award of $14,000.00.
In the Vick case, the court was particularly impressed by the fact that Miss Vick, who suffered a closed comminuted fracture of the proximal end of her right humerus, “waited at the hospital for some hours before the arrival of the physician, during which time she suffered from pain and shock without the palliative effect of medication”. She remained hospitalized in traction for three days thereafter, experiencing much pain, and all procedures for manipulation or setting of the bones were performed while she was under general anesthesia. In addition, the recurring pain and other residual effects in that case appear to have been more severe than those of Mrs. Deane in the instant case. The court in the Vick case upheld an award of $12,000.00 as not constituting an abuse of discretion.
We do not find that the injury to Mrs. Deane in the instant case is sufficiently similar to the injuries in the cited cases to warrant our consideration of those awards as comparable. Nor do we think that the award of $6,000.00 in this case is inordinately low based on the evidence in the record itself.
For the above and foregoing reasons, that portion of the judgment of the trial court limiting recovery by plaintiff Clifford Deane against State Farm Mutual Automobile Insurance Company to the sum of $5,000.00 is amended and increased to *660 the sum of $10,000.00. The judgment as thus amended is affirmed with the costs of this appeal to be borne by defendant-appel-lee State Farm Mutual Automobile Insurance Company.
Amended and affirmed.