260 So.2d 669

Clifford DEANE and Adeline Deane

v.

Roger O. McGEE et al.

No. 51944, 51946.

March 27, 1972.

Rehearings Denied May 1, 1972.

Sanders and Barham, JJ., concurred in the result.

Tate, J., assigned additional concurring reasons.

D'Amico, Curet & Bush, Sam J. D'Amico, Baton Rouge, for plaintiff-applicant.

Horace C. Lane, Baton Rouge, for defendant-applicant (No. 51,944).

Durrett, Hardin, Hunter, Dameron & Fritchie, Emile C. Rolfs, III, Keogh, Krousel & Ervin, Joseph F. Keogh, Baton Rouge, for defendants-respondents.

SUMMERS, Justice.

We granted certiorari, 260 La. 106, 255 So.2d 92, on the basis of applications by Clifford Deane and State Farm Mutual Automobile Insurance Company. The case presents for review the interpretation of almost identical "other insurance" clauses in three uninsured motorist policies under which plaintiff Clifford Deane claims recovery.

While visiting in Baton Rouge, Clifford Deane and his wife, who were residents of Florida, were injured in an automobile collision. At the time, they were riding as guest passengers in the automobile owned and being driven by their son-in-law Eugene Dunetz. The collision occurred as a result of the negligence of 17-year-old Roger McGee while driving an automobile belonging to his father, Walden McGee.

As a result of the accident, Clifford Deane received injuries and damages amounting to $22,902.63. His wife's damages amounted to $6,000. The wife's claim has been settled and is no longer at issue.

At the time of the accident, no automobile liability insurance covered the McGees or the automobile Roger McGee was driving. The collision and resulting damage were therefore caused by the fault of an uninsured motorist.

Hanover Insurance Company and Allstate Insurance Company each had automobile liability policies in force providing uninsured motorist coverage for the Dunetz vehicle. Each policy provided for coverage in the amount of $5,000 per person and $10,000 per accident for bodily injury. State Farm Mutual Automobile Insurance Company insured the Deane automobile under a liability policy issued to the Deanes in Florida. This latter policy contained an uninsured motorist endorsement in the amount of $10,000 per person and $20,000 per accident.

The "other insurance" clause of the Hanover policy reads as follows:

OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV (uninsured motorist clause) shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobiles as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. (Parentheses added.)

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damage shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and other insurance.

The Allstate and State Farm "other insurance" clauses are substantially the same as the quoted clause insofar as the problems this case presents.

The relationship which these clauses create is that of an "excess" and "primary" insurer—that is, an insured who is injured while occupying a nonowned automobile must first look to the insurer of the automobile he occupies as "primary" insurer. In this case, therefore, Hanover and Allstate as insurers of the Dunetz automobile would be "primary" insurers. A person's own insurance, when he is not occupying his own automobile, under this clause, is considered "excess" insurance over and above such primary insurance, and then only to the extent that the limits of liability of his policy exceed the limits of liability of the primary policy. In the context of this case this clause makes State Farm Deane's excess insurer.

▬ As to the primary insurers here, in our view Hanover and Allstate must each pay $5,000, or a total of $10,000, toward the satisfaction of Deane's $22,902.63 claim. This is the limit of liability of their respective policies. In so holding we reverse the trial court and the Court of Appeal, 253 So.2d 655, where Deane's recovery was limited to a total of $5,000, or $2,500 from each insurer.

The rationale of the decisions we reverse is that Louisiana's Insurance Code (La.R.S. 22:1406, subd. D) only requires an insured who is damaged by an uninsured motorist to be protected "up to" $5,000 per person per accident for bodily injury, notwithstanding that the injured person may be entitled to recover under more than one policy. The cases relied upon by the trial court and Court of Appeal permitted multiple insurers to restrict recovery from all sources to $5,000, the amount fixed by the Motor Vehicle Safety Responsibility Law (La.R.S. 32:872, subd. C). This limitation was accomplished by prorating the $5,000 between the insurers on the basis of the prorata provisions of the "other insurance" clauses.

We rejected this basis for decision in the recent case of Graham vs. American Casualty Company, 261 La. 85, 259 So.2d 22 (1972), No. 51,201 on the docket of this court. Our decision was predicated upon a contrary premise. We held that the $5,000 insurance required by the uninsured motor-

ist statute (La.R.S. 22:1406) was a minimum coverage each policy must provide and not the maximum an injured party could recover from uninsured motorist insurers. We said then that since uninsured motorist protection is required by Section 1406 of Title 22 of the Revised Statutes to be offered by the insurer in connection with every automobile policy delivered in the State, those policies must conform with the statutory requirement that "No automobile liability insurance . . . shall be delivered or issued . . . in this state . . . unless coverage is provided therein . . . in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana . . ." La.R.S. 22:1406.

Louisiana's Motor Vehicle Safety Responsibility Law (La.R.S. 32:872, subd. C) pertinently provides for coverage of not less than $5,000 because of bodily injury or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than $10,000 because of bodily injury to or death of two or more persons in any one accident.

Thus in Graham v. American Casualty Company we said that the uninsured motorist statute requires uninsured motorist protection and sets forth the *minimum* coverage policies issued in this State must provide. We observed that this mandate did not prohibit or prevent an insurer from offering more than the minimum coverage required by statute. Hence there is no impediment to an injured party recovering more than the statutory minimum under an uninsured motorist endorsement; nor does the law prevent an injured insured under uninsured motorist coverage from recovering the full minimum from each of several insurers if the damage sustained warrants such a recovery. In conclusion we held that the law does require that each policy issued must provide *not less than* the minimum $5,000 coverage. Under this holding proration does not take place when the damage claimed exceeds the sum of the policies by virtue of which the claimant is entitled to recover because of uninsured motorist protection.

In effect we held that the statute declared the public policy of the State and imposes a mandatory minimum insurance liability under uninsured motorist coverage for every policy issued. Any effort to reduce the mandatory minimum coverage of each policy by "pro rata" clauses cannot be given effect by the courts. See Johnson v. Travelers Indemnity Co., 269 N.E.2d 700 (Mass.1971), and authorities there cited.

Florida has an uninsured motorist statute almost identical with the Louisiana uninsured motorist statute, F.S. § 627.0851, F. S.A., except that the minimum coverage is $10,000 where our statute provides for $5,000. In Sellers v. United States Fideli-

ty and Guaranty Co., 185 So.2d 689 (Fla. 1966), the Florida Supreme Court held that the uninsured motorist statute operates to invalidate the "excess" and "pro rata" provisions of "other insurance" clauses inserted by insurers in policies containing uninsured motorist endorsements saying:

. . . We consider that it (the uninsured motorist statute) provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit "other insurance" clauses in the policy which are contrary to the statutorily limited amounts of coverage. (Parentheses added.) 185 So.2d at 692.

The Court of Appeal, applying the Florida law, held that the "other insurance" clauses in the State Farm policy issued to Deane were illegal and invalid ab initio and never formed a part of the contractual agreement. Accordingly the Court granted recovery to the full extent of the State Farm policy, that is $10,000. This, added to the $2,500 recovery awarded against Hanover and the $2,500 recovery awarded against Allstate, resulted in a total award of $15,000 by the Court of Appeal to Clifford Deane. The Court of Appeal holding with regard to the award against State Farm was correct and we approve it. In view of this conclusion, and the awards we have made against Hanover and Allstate, Deane recovers a total of $20,000—the full limits of liability of the three insurers.

█ The contention has been made on this review that the law of Louisiana, and not that of Florida, should have been applied in this case. The contention is without merit. The Court of Appeal properly applied Florida law to the State Farm policy.

Article 10 of the Louisiana Civil Code provides:

The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.

But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect.

. . . . . .

█ Generally the nature, validity and interpretation of an insurance contract is governed by the law of the place where made unless the parties clearly appear to have had some other place in view. Metropolitan Life Ins. Co. v. Haack, 50 F. Supp. 55 (W.D.La.1943). Thus it has been held that where a Mississippi automobile owner applied for an automobile liability policy which was executed and issued from

the insurer's office in Mississippi, the contract contained in the policy was a Mississippi contract and the law of that State entered into it and became a part of it. Wheat v. White, 38 F.Supp. 796 (E.D.La. 1941); see also City of Shreveport v. New York Life Ins. Co., 141 La. 360, 75 So. 80 (1917); Shiff v. Louisiana State Ins. Co., 6 Mart. (N.S.) 629 (La.1828); Lowery v. Zorn, 157 So. 826 (La.App.1934); Dainow, Variations on a Theme in Conflict of Laws, 24 La.L.Rev. 157 (1964).

 however, the decision to apply Florida law is not too significant here. By our decisions casting Hanover and Allstate, and our decision in Graham v. American Casualty Company, and the principles announced there, we would reach the same result reached by Florida in the Sellers case if we applied Louisiana law. That is, we would cast State Farm to the full extent of its policy limits. For under principles announced here and in Graham v. American Casualty Company we would also hold that the "excess" provision of the "other insurance" clause in State Farm's policy is invalid insofar as they are in derogation of a mandatory requirement in our uninsured motorist statute. (La.R.S. 22:1406). Thus, since there is no conflict between the law of Florida and the law of Louisiana, we can give effect to the common policy of both States. See Dainow, supra.

██ It is no defense to this holding that Section 620 of Title 22 of the Revised Statutes requires that clauses in insurance policies be approved by the commissioner of insurance and that these "other insurance" clauses were so approved. These clauses should not have been approved, and cannot be approved, for insofar as they are in derogation of Section 1406 of Title 22 of the Revised Statutes they cannot be given effect. The commission cannot approve clauses in policies insofar as those clauses contravene express requirements of legislative enactments.

██ By this decision we do not mean to imply that an insured may "pyramid" or "stack" coverages under separate automobile liability insurance policies so as to recover more than his actual bodily injury loss or damage. On the other hand, if his loss is under the limits of a policy covering him, and he is covered by more than one automobile liability policy equally responsible for his loss, or if his loss in an automobile liability covered accident is more than the limit of one policy, but less than the sum of the limits of multiple policies protecting him, then, in such situations, the "pro rata" provision of the "other insurance" clause would permit proration among the insurers.

No effort has been made to review the issue of liability or quantum, for we are satisfied from the record that these find-

ings of the Court of Appeal are correct. Furthermore, as we understand the briefs, these issues are not in controversy at this stage of the litigation.

For the reasons assigned, judgment is rendered herein in favor of Clifford Deane and against Hanover Insurance Company and Allstate Insurance Company in the amount of $5,000 against each of said insurers; and judgment is rendered in favor of Clifford Deane and against State Farm Mutual Automobile Insurance Company in the amount of $10,000, with legal interest on all of said amounts from date of judicial demand until paid and for all costs, costs to be prorated among the insurers.

The judgment of the trial court on the third party demands is affirmed with the amounts amended in accordance with the reasons assigned here.

SANDERS, J., concurs in the result.

BARHAM, J., concurs in the result.

DIXON, J., concurs.

TATE, J., also assigns additional concurring reasons.

TATE, Justice (concurring).

The writer has reservations that the law of Florida must necessarily determine the construction of a standard insurance policy issued in Florida, insofar as it applies to an accident in Louisiana. See my concurring opinion in Doty v. Central Mutual Ins. Co., 186 So.2d 328, 331 (La.App.3d Cir. 1966).

The writer is not prepared to say that the majority errs in its indication that Florida law should govern the interpretation of a standard automobile liability insurance policy issued in Florida. Nevertheless, in the absence of a choice of Florida law by the parties, the writer is likewise not prepared to agree, without full consideration of the issues, that Louisiana may not have the most significant relationship to the transaction, insofar as determining the policy's application to an accident in Louisiana. See Restatement of Conflict of Laws 2d, Sections 6, 188, 205 (1971).

In the mobile society of today, an insurer issuing a standard liability policy may well be held to the contemplation that such standard policy may apply to an accident in another state in the same manner that identical standard policies issued in this forum state apply. Louisiana's governmental interest in the regulation of awards to victims of traffic on its highways may be sufficient to justify application of its own standard-policy construction in preference to Florida's construction—Louisiana's governmental interest may outweigh Florida's interest, if any, in application of a Florida-issued policy outside the borders of Florida.

However, as the majority opinion notes, the Louisiana and the Florida interpretations are identical, so no choice-of-law issue is actually presented for our determination. With these reservations, I fully concur in the majority opinion.