LANDRY, Judge.
Defendant Traders and General Insurance Company (Traders) appeals from judgment awarding Traders’ insured, plaintiffs herein, $37,204.65 in general and special damages pursuant to the uninsured motorist clause in Traders’ liability policy on plaintiffs’ automobile, which coverage the trial court found applicable to an accident in which plaintiffs’ minor daughter sustained fatal injuries while riding as guest passenger in another vehicle insured by Government Employees Insurance Company (GEICO). The judgment also rejected Traders’ third party demand against GEI-CO for indemnification. We reverse.
Mary Ann Breaux, minor daughter of plaintiffs Donald A. and Julia A. Breaux, died March 4, 1976, of injuries sustained the previous day in an automobile accident. The mishap occurred when a vehicle owned by Samuel Ayo, insured by GEICO, and being driven by Ayo’s daughter, Gayle, collided head-on with another vehicle. It is conceded the accident, which occurred due to Miss Ayo’s negligence, resulted in the deaths of two passengers in the Ayo vehicle, including that of plaintiffs’ daughter, and injuries to the three remaining occupants, including the driver.
GEICO’s policy provides liability coverage of the Ayo vehicle with bodily injury limits of $50,000 per person and $100,000 for each accident and also uninsured motorist protection in similar limits. Applicability of GEI-CO’s uninsured motorist coverage is the prime issue on this appeal.
On the day of the accident, Traders had in effect a policy covering a vehicle owned by plaintiffs, which vehicle was not involved in subject accident. Traders’ policy provided liability coverage in limits of $10,-000-$20,000 and uninsured motorist coverage in limits of $5,000-$10,000.
Plaintiffs initially sued GEICO seeking recovery under the liability coverage of GEICO’s policy. By amendment, Traders was joined as defendant from whom recov *160 ery is sought under the uninsured motorist coverage of Traders policy. Plaintiffs amicably settled their claims against GEICO for $39,700, and, on November 5, 1976, released GEICO from all liability, with prejudice. The release expressly relinquished all claims against GEICO under the liability as well as the uninsured motorist coverage of GEICO’s policy but reserved plaintiffs’ rights against GEICO’s insured, Gayle Ayo. The settlement received by plaintiffs from GEICO was a portion of the liability coverage of GEICO’s policy, the remainder of the $100,000 limits having been depleted through distribution to other parties injured in the accident. Plaintiffs then pursued their own insurer, Traders, and obtained judgment against Traders in the sum of $76,904.65 pursuant to Traders’ uninsured motorist coverage of plaintiffs’ automobile. The judgment, however, credited Traders for the amount received by plaintiffs in settlement with GEICO, thus resulting in judgment against Traders in the sum of $37,204.65. Traders’ third party demand against GEICO for indemnity, based on the contention that the uninsured motorist coverage of GEICO’s policy was available to plaintiffs, was dismissed on GEICO’s exceptions of no right and no cause of action.
Conceding its uninsured motorist coverage of plaintiffs, Traders maintains said coverage is excess insurance because it protects its insured while occupying a non-owned vehicle. On this premise Traders contends that both the liability and uninsured motorist coverage of GEICO’s policy must be exhausted as primary insurance before Traders’ excess insurance may be invoked. More precisely, Traders argues that although plaintiffs have a judgment for $37,204.65, plaintiffs may not proceed against the uninsured motorist coverage of its policy until plaintiffs have first exhausted the primary coverage afforded by the uninsured motorist coverage of the GEICO policy. Traders’ position is extended by the argument that plaintiffs, having released GEICO from liability under the uninsured motorist coverage of GEICO’s policy, must give Traders credit for the amount available to plaintiffs under such coverage, which source of recovery plaintiffs, for plaintiffs’ own reasons, saw fit not to pursue. We find Traders’ argument reasonable and persuasive, provided GEICO’s policy affords uninsured motorist protection to plaintiffs’ daughter.
The GEICO policy pertinently states:
“The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury’ sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. . . . ” (emphasis added)
Also pertinent is that portion of Part IV, Coverage J (Protection against Uninsured Motorists) of GEICO’s policy, which defines Insured as follows:
“. . ‘Insured’ means:
(1) • • •
(2) Any other person while occupying an insured automobile; and,
(3) . . . .
Based on GEICO’s definition of insured under the uninsured motorist coverage provision of its policy, plaintiffs’ daughter while an occupant of the Ayo vehicle, which was insured by GEICO, was protected by the uninsured motorist coverage stipulated by GEICO. The policy in effect provides that GEICO agrees to pay “all sums which the insured (Mary Ann Breaux) or [her] legal representatives (plaintiffs) shall be legally entitled to recover as damages from the owner or operator (Gayle Ayo) of an uninsured automobile because of bodily injury . . . including death resulting therefrom . . . .” The phrase “legally entitled to recover” has been interpreted by the Supreme Court to mean “simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages.” Booth v. Fireman’s Fund Insurance Company, 253 La. 521, 218 *161 So.2d 580 (1968). See also Guillot v. Travelers Indemnity Company, 338 So.2d 334 (La.App. 3d Cir. 1976); Gremillion v. State Farm Mutual Automobile Insurance Company, 302 So.2d 712 (La.App. 3d Cir. 1974). Plaintiffs and their decedent meet the requirements of establishing fault and proving damages.
The salient question, however, is whether the Ayo vehicle was “uninsured” within the definition of the term appearing in the GEICO policy. In briefs filed in this court, counsel for plaintiffs as well as GEICO show that GEICO’s policy specifically excludes an “insured automobile” from the definition of “uninsured automobile” and that an insured automobile is defined as an automobile “described in the schedule as an insured automobile to which bodily injury liability coverage of the' policy applies.” Simply put, plaintiffs and GEICO contend that, by policy definition, the Ayo vehicle cannot be deemed an uninsured automobile because it is an automobile insured under GEICO’s policy.
We reject appellees’ interpretation of the uninsured motorist clause of GEI-CO’s policy because such construction ignores and is contrary to the applicable provisions of LSA-R.S. 22:1406(D)(2)(b), as amended by Act 154 of 1974. The cited statute includes within the definition of an uninsured motor vehicle “an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured’s vehicle at the time of the accident . . .” To the extent that the provisions of the GEICO policy are in derogation of the mandatory coverage requirements provided by LSA-R.S. 22:1406(D)(2)(b), they must be declared invalid and of no effect. Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972); Guillot v. Travelers Indemnity Company, supra.
The record discloses that collective damages sustained by passengers in the Ayo vehicle, including the $39,700.00 received by plaintiffs herein, amounts to $117,354.65, which exceeds GEICO’s $100,-000 liability coverage. It follows that the Ayo vehicle was underinsured and is therefore a statutorily defined uninsured vehicle. The GEICO policy affords uninsured motorist protection in limits of $50,000-$100,000. That plaintiffs have received a portion of their claim under the liability coverage of GEICO’s policy is a matter of no concern.
We agree with the decision of our brothers of the third circuit which held that a guest passenger may recover under both the liability and uninsured motorist coverage of the host driver’s policy. See Guillot v. Travelers Indemnity Company, supra. In contending otherwise, plaintiffs and GEICO rely upon Arado v. Central National Insurance Company of Omaha, 337 So.2d 253 (La.App. 4th Cir. 1976). We find Arado distinguishably inapplicable inasmuch as the facts giving rise to that litigation occurred prior to the 1974 amendment of LSA-R.S. 22:1406(D)(2)(b), which expanded the legislative definition of an uninsured motor vehicle.
We now consider Traders’ liability to plaintiffs under Traders’ uninsured motorist coverage. The trial court rendered judgment for plaintiffs against Traders in the sum of $37,204.65. We note our finding that GEICO’s policy affords plaintiffs’ decedent uninsured motorist coverage in limits of $50,000 — $100,000. Both policies contain identical “other insurance” clauses which provide as follows:
“Other Insurance: With respect bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limits of liability of such other insurance.”
The issue of the relationship between similar applicable other insurance clauses in *162 cases of this nature was considered by the Supreme Court in Deane v. McGee, supra. In Deane, as in the present case, plaintiffs had available uninsured motorist coverage under both the host driver’s policy and plaintiffs’ own policy, covering a vehicle not involved in the accident. Both policies contained other insurance clauses substantially similar to those found in subject policies. In determining that the injured party must first exhaust all coverage under the policy covering his host’s vehicle, the court stated:
“The relationship which these clauses create is that of an ‘excess’ and ‘primary’ insurer — that is, an insured who is injured while occupying a nonowned automobile must first look to the insurer of the automobile he occupies as ‘primary’ insurer. In this case, therefore, Hanover and Allstate, as insurers of the Dunetz’ automobile would be ‘primary’ insurers. A person’s own insurance, when he is not occupying his own automobile, under this clause, is considered ‘excess’ insurance over and above such primary insurance, and then only to the extent that the limits of liability of his policy exceed the limits of liability of the primary policy. In the context of this case this clause makes State Farm Deane’s excess insurer.” 260 So.2d at 671.
We find, therefore, that the uninsured motorist coverage of the Traders policy is excess coverage to both the liability and uninsured motorist coverage of the GEICO policy. We note in passing that althouglrit is inapplicable herein, a 1977 amendment of LSA — R.S. 22:1406(D)(l)(c) dealing with primary-excess coverage, mandates the result herein reached.
The remaining question concerns plaintiffs’ right to judgment against Traders notwithstanding plaintiffs’ having released GEICO, after settlement, from all liability under GEICO’s uninsured motorist coverage without having exhausted such coverage. This identical issue was considered by the Supreme Court in Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274 (La.1964). Futch affirmed trial and appellate court judgments which gave the excess insurer credit for the amount of primary insurance available to plaintiffs therein.
The limits of GEICO’s primary uninsured motorist coverage is $50,000 per person and $100,000 per accident. By analogous consideration of the settlement effected by plaintiffs and GEICO under GEICO’s identical liability coverage, plaintiffs’ share of the uninsured motorist coverage would be at least $39,700.00. Traders, as excess insurer, is entitled to credit of $39,700.00 against the judgment in favor of plaintiffs. It follows that the judgment in favor of plaintiffs and against Traders in the amount of $37,204.65 must be reversed.
Our disposition obviates the need to consider Traders’ alternative complaint that the judgment rendered against it exceeds the exposure limits of its uninsured motorist coverage.
The judgment of the trial court in favor of plaintiffs against Traders is annulled, reversed and set aside and judgment rendered herein in favor of Traders rejecting plaintiffs’ demands, at plaintiffs’ cost.
Reversed and rendered.