BOWES, Judge.
This case comes on appeal from a judgment of the trial court in favor of defendant, Commercial Union Insurance Company. After a trial on the merits on July 15,1981, the trial court dismissed all of plaintiff’s claims against Commercial, the sole remaining defendant. We affirm.
On September 5, 1975, Thomas Wright was driving an automobile owned by his employer, American Bank of Luling, apparently while in the course and scope of his employment. He was involved in an accident with one Nedd James, an uninsured motorist, and sustained certain injuries, specifically cervical and lumbar sprains and contusions. Aetna Casualty and Insurance Company provided bodily injury coverage, as well as uninsured motorist protection in the amounts of $5,000/$10,000 for each of six automobiles owned by the bank. Plaintiff originally sued Aetna for damages; Aetna, in turn, answered and made Commercial Union Insurance Company third party defendant. Commercial Union was the personal insurer of plaintiff, and provided plaintiff with uninsured motorist protection. Plaintiff then amended his petition to cite Commercial Union as a defendant. Evidently, there was never any serious question that Nedd was uninsured, or that he was at fault, and such questions were disposed of on summary judgment, according to the transcript. Also, the uninsured status of James was stipulated to at the trial.
After the initiation of the proceedings, and prior to the trial on the merits, plaintiff settled his claim with Aetna in the amount of $4,200.00. Commercial Union was the only viable defendant at the time of trial. After the evidence taken at trial, along with the stipulation of counsel and the depositions admitted, the trial judge ruled for defendant. In his judgment in favor of the defendant, the trial court adopted by reference defendant’s post-trial memorandum. Commercial contended that plaintiff had to prove damages in excess of available insurance from Aetna in order to recover.
We find the defendant’s reasoning persuasive. In 1975, law and jurisprudence permitted the “stacking” of uninsured motorist policies. Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (La.1972) enunciated that holding, which was effective for uninsured motorist *853 coverage in general until a 1977 amendment to R.S. 22:1406. That amendment prohibits increasing limits of liability when more than one uninsured policy is available. However, the status of the law in 1975 is the appropriate consideration before us today.
Therefore, we conclude that plaintiff had available coverage of six (the number of automobiles insured by the bank) times $5,000 (the amount of coverage per single person), or $30,000 available coverage from Aetna at the time of settlement. Aetna is the primary insurer in this situation for purposes of interpreting the insurance policy in question.
In defining “primary” and “excess” insurance, and their importance in this type of question, the Supreme Court has stated:
The relationship which these clauses create is that of an “excess” and “primary” insurer — that is, an insured who is injured while occupying a nonowned automobile must first look to the insurer of the automobile he occupies as “primary” insurer. In this case, therefore, Hanover and Allstate as insurers of the Dunetz automobile would be “primary” insurers. A person’s own insurance, when he is not occupying his own automobile, under this clause, is considered “excess” insurance over and above such primary insurance, and then only to the extent that the limits of liability of his policy exceed the limits of liability of the primary policy. Deane v. McGee, 261 La. 686, 260 So.2d 669 (La.1972).
Plaintiff’s policy with Commercial Union had the following clause:
Other insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
This clause is virtually identical to the clause in Deane, supra.
Therefore, we must conclude that plaintiff’s first and principal insurer, from whom he was obliged to seek all damages, was Aetna. Aetna was obligated to plaintiff for up to $30,000.00; only in proving damages in excess of $30,000 can plaintiff prevail in his suit against Commercial Union. In assessing damages, we take into consideration the following:
It was stipulated that plaintiff suffered certain ascertainable monetary losses: a bill for services rendered of $195.00 for medical treatment; a net wage loss of $2,000.00; and broken eyeglasses worth approximately $50.00. The deposition of Dr. Macaluso, admitted into evidence in lieu of testimony, disclosed that plaintiff suffered severe tenderness and spasms of the back and knee. He received heat treatments and wore a back brace and a knee splint for a time. Further, it was stipulated that if plaintiff’s wife were to testify, her testimony would be to the effect that her husband still suffered inconsequential aches. Thorough consideration of the record, that of a 4x/2-month soft tissue injury and whatever continuing minor residual effects linger, does not reveal evidence which could, by any stretch of the imagination, exceed the $30,000 quantum discussed hereinabove.
Plaintiff has no cause of action against Commercial inasmuch as we find that he was sufficiently compensated for his injuries by the $4,200.00 settlement with Aetna.
Accordingly, we affirm the decision of the trial court dismissing plaintiff’s suit against Commercial Union Insurance Company. All costs of this appeal are assessed to plaintiff.
AFFIRMED.