**Doris BRAWNER, wife of/and Donald Brawner**

v.

**Walter KAUFMAN et als.**

**Civ. A. No. 79–4085.**

United States District Court, E. D. Louisiana.

Sept. 23, 1980.

Daniel J. Caruso, New Orleans, La., for plaintiff.

John T. Cooper, New Orleans, La., for defendants.

---

## OPINION

BEER, District Judge.

This motion for summary judgment is brought by defendant, American Family Mutual Insurance Company (hereafter, "American"), plaintiffs' uninsured motorist insurer pursuant to a policy issued and delivered to plaintiffs in Missouri. Suit arises from an automobile accident which occurred in Louisiana. Defendant, Walter Kaufman, is alleged by plaintiffs to be *underinsured* and, accordingly, plaintiffs seek to recover the excess of their claims from American, their uninsured motorist carrier.

American, seeking dismissal, contends that Missouri law must govern the Missouri insurance contract and correctly avers that uninsured motorist coverage does not, in Missouri, include *underinsured* motorist coverage. Note: *Brake v. MFA Mutual Ins. Co.*, 525 S.W.2d 109 (Mo.App.1975). Plaintiffs maintain that Louisiana law should apply, and, thus, uninsured motorist coverage should be construed to include *underinsured* motorist coverage. Note: LSA–R.S. 22:1406(D)(2)(b). Accordingly, mover contends that we must follow the lex loci contractus rule, whereas the plaintiff asserts that the "interest analysis" approach should govern. Since this is a diversity case, the issue must be resolved by following *Erie R. C. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny.

As noted in *Medvecz v. Choi*, 569 F.2d 1221 (1977), an *Erie* district court "must not conceive its role as applying the state decisional law to the case at hand in a narrow and mechanical fashion. Rather, a federal court must scrutinize the relevant state precedents with an eye toward the broad policies and principles that underlie and are given concrete embodiment in the cases." (p. 1226.)

A review of recent Louisiana cases dealing with conflict of laws leads to the conclusion that Louisiana has adopted the "interest analysis" approach and, thus, I believe that the interest analysis test must determine the law to apply here.

In *Jagers v. Royal Indemnity Co.*, 276 So.2d 309 (La.1973), the Louisiana Supreme Court announced that lex loci delicti rule no longer governed when deciding which state law would apply in *tort* actions. In *Jagers*, the court considered the interest that the foreign state had in applying its law as opposed to the interest that Louisiana had in applying its law as the forum state. The court concluded that:

"When the foreign state has no interest in the application of its law in Louisiana litigation, we deem that the application of Louisiana law by Louisiana courts will contribute much greater predictability, certainty and constancy to the law.

That some modern methods for determining whether to apply the law of the forum are faulty in some respects should not deter a court in the application of the law of the forum to its citizens, when not otherwise prohibited."

The Restatement, Second, Conflicts of Laws § 6 (1969), was then cited by the court in a footnote as a guide to choice of law principles. The test adopted by the Restatement is basically one of balancing the relative interests and policies of the states interested in applying their law.

Although *Jagers* is a tort case, the principles announced there go to the heart of conflicts of laws considerations in general. *Jagers* has been interpreted by the Louisiana courts as signaling "that the 'interest analysis' theory for resolving choice of law problems in Louisiana is now the proper approach." *Sutton v. Langley*, 330 So.2d 321 (La.App. 2d Cir. 1976). Note: *Wickham v. Prudential Insurance Co. of America*, 366 So.2d 951 (La.App. 1st Cir. 1978); *Davis v. Humble Oil Co.*, 283 So.2d 783 (La.App. 1st Cir. 1973); *Brinkley & West, Inc. v. Foremost Insurance Co.*, 499 F.2d 928 (C.A. 5th Cir. 1974); *Ardoyno v. Kyzar*, 426 F.Supp. 78 (E.D.La.1976); H. Couch, *Louisiana Adopts Interest Analysis: Applause and Some Observations*, 49 Tul.L.Rev. 163 (1974).

The *Sutton* case specifically dealt with choice of laws theories as applied to the interpretation of an insurance contract is-

sued in a foreign state. In that case, a Texas resident brought suit against a Louisiana resident for injuries sustained in a Louisiana automobile accident. The plaintiff also sued to recover under an uninsured motorist policy issued in Texas. The court found that *Jagers* had done away with the lex loci contractus rule as well as lex loci delicti and analyzed which law to apply under an interest analysis test. The court reasoned as follows:

"We recognize that Texas is not without any interests in the uninsured motorist coverage question. That interest lies in the possible effect the application of Louisiana law might have on insurance rates for such coverage written in Texas for Texas residents. However, it must be said that this interest is minimal when one is dealing with a standard form insurance contract written by an insurer who does business in several, if not all, the states. Also, it must be recognized that in our mobile society the insurer could not reasonably contemplate the insured driving only in Texas and being subject to Texas interpretations of the policy provisions at all times. When Texas' interest is compared to Louisiana's interest in the regulation of awards to victims on its highways, and in protecting persons on its highways from damage by uninsured motorists, and in equally assessing the burden of that award to all culpable parties, it must be concluded that the interests of Louisiana prevail. Louisiana standard–policy construction should apply in a Louisiana court in preference to the Texas construction of that policy. This conclusion is further buttressed by the recognition that Louisiana domiciliaries who are defendants in this case could be adversely affected by the Texas construction of the uninsured motorist provisions by limiting the fund from which plaintiffs claims are to be satisfied."

The considerations that this court is faced with in the case at bar are almost identical to those in the *Sutton* case. Suit was brought by Missouri residents against a Louisiana defendant for injuries sustained in an automobile accident in Louisiana. The plaintiffs also sued their uninsured motorist insurer seeking to recover under a policy issued to them in Missouri. Certainly, both states have an interest in applying their law to this litigation, however, sitting as an *Erie* judge, I believe I am bound to conclude that Louisiana has a greater interest.

As pointed out in *Sutton*, Louisiana courts have a manifest interest in fairly compensating persons injured while traveling its highways as well as, incidentally, offering additional insurance protection (such as he would, ordinarily, in Louisiana, have) to an underinsured Louisiana defendant. Although Missouri has an interest regulating insurance policies written in Missouri, that interest is not as compelling in view of the fact that an automobile insurer is, I believe, obliged to anticipate that its standard form may be interpreted differently in different states. Therefore, applying interest analysis to the facts of the instant case, I must conclude that Louisiana law will govern the interpretation of the insurance policy issued by American and, accordingly, hold that the uninsured motorist provision in the policy issued by defendant is here deemed to include underinsured motorist coverage.

In reaching this decision, I have considered *Sprow v. Hartford*, 594 F.2d 418, decided by the U. S. Fifth Circuit Court of Appeals in 1979. In that case, the Fifth Circuit held that "Louisiana law requires that an insurance policy be construed according to the laws where it was issued and delivered. E. g., *Deane v. McGee*, 261 La. 686, 260 So.2d 669, 673 (La.1972)." Interestingly (and, perhaps, significantly), *Sprow* makes no mention of *Jagers* or, for that matter, of "interest analysis." Although I have reached a different conclusion than the Fifth Circuit in *Sprow*, I have done so because I feel compelled, as an *Erie* court, to follow the weight of authority in the Louisiana state courts. The majority of the recent Louisiana cases demonstrate that Louisiana courts have decided to align themselves with the "interest analysis" ap-

proach to conflicts of laws and, thus, I feel obliged to rule in accordance with this clear indication. Also, I should point out that although the *Deane* case cited in *Sprow* applied the lex loci contractus rule, it is a pre–*Jagers* decision which, in my view, renders it less persuasive.

For the above reasons, the motion for summary judgment is denied.