Juba C. BELL, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a/k/a State Farm Fire and Casualty Company, Defendant-Appellant.

No. 82–3019

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 16, 1982.

Rehearing Denied Sept. 7, 1982.

---

Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, La., for defendant-appellant.

Neblett & Weeks, Alexandria, La., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge.

The plaintiff's decedent son, a resident of Louisiana at the time, was killed in an automobile accident in Louisiana. The plaintiff mother sues the insurer of the driver of the automobile, stationed with the deceased son at a military base in Louisiana, although a resident of Florida. The automobile was licensed in Florida but garaged in Louisiana, and the standard automobile liability insurance policy covering its operation was issued in Florida. The issue is whether the interpretation of the uninsured motorist coverage is to be governed by Florida law, the place of issuance of the policy, or by the law of Louisiana, where the accident occurred, where both decedent and insured were residents at the time of the accident, and where the automobile was garaged at the time of the accident.

In its able opinion, the district court analyzed the jurisprudence interpreting the Louisiana conflicts rule, applicable in this diversity action filed in Louisiana, and held that in this true conflict of Florida and Louisiana law, the interests of Louisiana were sufficient to warrant the application of Louisiana law. We affirm the judgment holding coverage on the basis of the district court opinion. 527 F.Supp. 300 (W.D.La. 1981).

As the district court noted, in applying the Louisiana conflicts rule to this diversity case, the *lex loci contractus* interpretation of Louisiana Civil Code Article 10 enunciated by the plurality opinion in *Deane v. McGee*, 261 La. 686, 260 So.2d 669 (1972), and followed in *Sprow v. Hartford Insurance Co.*, 594 F.2d 418 (5th Cir. 1979), is not in accord with the later Louisiana jurisprudential interpretations that the application of insurance policies in Louisiana tort cases is governed by the interest analysis of *Jagers v. Royal Indemnity Company*, 276 So.2d 309 (La.1973), and its progeny, see, Couch, Louisiana Adopts Interest Analysis: Applause and Some Observations, 49 Tul.L. Rev. 1 (1974), and followed by subsequent decisions of this circuit, *e.g.*, *Lee v. Hunt*, 631 F.2d 1171 (5th Cir. 1980); *Cooper v. American Express*, 593 F.2d 612 (5th Cir. 1979); *Brinkley & West, Inc. v. Foremost Insurance Company*, 499 F.2d 928 (5th Cir. 1974).

Louisiana Civil Code Article 10 provides that "[t]he form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed," but it also provides that "the effect of acts passed in one country to have the effect in another country, is regulated by the laws of the country were such acts are to have effect." In the case of an insurance policy issued in one state on an automobile that within reasonable intention will be operated in interstate travel, the law of the forum state in which an accident occurs may be deemed to be the state in which the policy was intended to have effect and to have the most

significant relationship in determining the application of a standard automobile liability policy, *Deane v. McGee, supra*, 260 So.2d at 674 (concurring opinion), particularly where the vehicle is principally located in such other state, Restatement of Conflict of Laws 2d, Sections 6, 193 (1971).

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.