**Robert L. and Ruth STICKNEY, Plaintiffs-Appellants,**

v.

**Benjamin H. SMITH and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.**

No. 81–3561.

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1982.

Homer C. Singleton, Jr., Lake Charles, La., for plaintiffs-appellants.

Robert W. Clements, Robert Dampf, Lake Charles, La., for defendants-appellees.

Before RUBIN and JOHNSON, Circuit Judges, and VERON *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

The sole issue in this diversity case is whether Louisiana or Michigan law applies in determining the coverage limits provided by an insurance policy issued by an agent in Michigan to cover a driver who was on duty with the United States Army in Louisiana. We conclude that Louisiana law applies and, therefore, that the district court erred in denying the plaintiffs' motion for partial summary judgment which was predicated on the application of Louisiana conflict of law rules.

Robert and Ruth Stickney are residents of the State of Michigan. Their son, Kevin, who was serving in the United States Army, was assigned to duty at Fort Polk, Louisiana, on July 11, 1977. On August 23, 1978, State Farm Mutual Automobile Insurance Company ("State Farm") issued an automobile policy naming Kevin as insured and covering a 1975 Honda automobile. The policy had extended liability coverage

up to $50,000 per person and $100,000 per accident, but stated that the uninsured motorists' coverage was $20,000 per person and $40,000 per accident. It was mailed to Kevin at his parents' address in New Buffalo, Michigan, where Kevin usually received his mail.

On October 30, 1978, while driving the Honda, Kevin was killed in an automobile accident. The driver of the other car, defendant Benjamin H. Smith, was not injured. He was also not insured.

Under Louisiana law, the coverage limits for uninsured motorist coverage must be the same as for liability coverage. La.Rev. Stat.Ann. § 22:1406 D(1)(a) (West 1978). Michigan law, however, permits uninsured motorist coverage for a lesser amount.

The parties stipulated that defendants will pay and the plaintiffs will accept the limits of the policy as determined by a final decision of the court in full satisfaction of all claims and grant appropriate releases so that the matter will be finally concluded on a determination of the legal issue. On motion for partial summary judgment, the district court held Michigan law applicable and then certified the decision for interlocutory appeal. 28 U.S.C. § 1292(b) (1976).

The law of the forum, Louisiana, including any conflict of law rules that the Louisiana courts would apply, determines this diversity case. *Klaxon v. Stentor Electric Manufacturing, Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). We have recently analyzed Louisiana decisions and concluded that Louisiana no longer automatically applies the law of the place where a contract is made, *lex loci contractus,* to determine the validity and interpretation of a contract, but instead determines the applicable law by a process known as "interest analysis." [1] *Bell v. State Farm Mut. Auto Ins. Co.,* 680 F.2d 435 (5th Cir.1982), and cases cited therein.

We there said:

(a) the needs of the interstate . . . systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. Interest analysis requires the court of the forum state to balance those factors relevant to the choice of the applicable law, including

In the case of an insurance policy issued in one state on an automobile that within reasonable intention will be operated in interstate travel, the law of the forum state in which an accident occurs may be deemed to be the state in which the policy was intended to have effect and to have the most significant relationship in determining the application of a standard automobile liability policy, . . . particularly where the vehicle is principally located in such other state . . .

*Id.* at 436–37 (citations omitted).

■ In *Sutton v. Langley,* 330 So.2d 321 (La.App.2d Cir.1976), *writs denied,* 332 So.2d 805, 332 So.2d 820, 333 So.2d 242 (La.1976), the leading Louisiana decision applying interest analysis in contracts cases, the plaintiff was a Texas resident riding as a guest in an uninsured automobile owned by a Texas resident. The accident, however, occurred in Louisiana. In contrast to Louisiana law, the Texas guest statute prohibits recovery against the insurer except upon a finding of gross negligence. Moreover, Texas does not permit "stacking" of uninsured motorist coverage, while Louisiana does permit "stacking."[2] The Louisiana Second Circuit Court of Appeal held that Louisiana's concern with the problem of uninsured drivers on its highways was of sufficient importance that Louisiana law should apply. Two recent district court cases, *Brawner v. Kaufman,* 496 F.Supp. 961 (E.D.La.1980), and *Bell v. State Farm Fire & Casualty Co.,* 527 F.Supp. 300 (W.D. La.1981), have reached similar conclusions in balancing the relative interests of Louisiana and the foreign state in the context of insurance contracts.

(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflicts of Laws § 6 (1971), *quoted in Jagers v. Royal Indemnity Co.,* 276 So.2d 309, 312 n. 3 (La.1973).

The insurance policy here involved was written and delivered in Michigan, covering a person who was a Michigan domiciliary although stationed for an indefinite period in Louisiana. The insured driver was employed in Louisiana and resident there. It was reasonable to anticipate that he would be using Louisiana's highways for an extended period. The uninsured motorist is a Louisiana resident and the accident occurred in Louisiana. Louisiana's policy of protecting persons injured in its boundaries from uninsured motorists (focused on specifically in *Sutton*) is apparent in Louisiana's decision to require the limits for uninsured coverage to be at least as great as those for liability coverage. La.Rev.Stat. Ann. 22:1406(D)(1)(a)(West 1978). Moreover, the financial resources of Louisiana residents, Louisiana public hospitals, and other state facilities will likely be called upon if insurance coverage does not provide funds for their uses.

We realize that the interests of Michigan in this litigation are not insignificant. The choice of the law to be applied in construing insurance policies issued in Michigan may affect the cost of premiums to Michigan residents. The insured was domiciled in Michigan. He had substantial ties with that state, and did not simply select an insurer who would fashion a policy at least cost. Balancing the competing interests, however, as a Louisiana court would do, and following the decision in *Bell v. State Farm Mut. Auto Ins. Co.,* we conclude that Louisiana law applies.

■ Defendants argue that, even if Louisiana law applies, § 22:1406 does not.[3] The ambit of that section, they claim, is specifically limited to policies delivered or issued for delivery in Louisiana. Hence it can

2. "Stacking" involves cumulating the benefits of the uninsured motorist coverages of different automobiles or policies where the insured is covered with respect to each automobile or policy. This is permitted in Louisiana under certain limited conditions. *See Seaton v. Kelly,* 339 So.2d 731 (La.1976); La.Rev.Stat.Ann. 22:1406(D)(1)(c) (West 1978).

3. La.Rev.Stat.Ann § 22:1406D(1) (West 1978) provides:

have no relevance to a policy issued in Michigan. While the statute in terms applies, as do most of the provisions of the Louisiana Insurance Code, only to the issuance of policies in the state, Louisiana courts have indicated that the state's insurance regulations apply also to policies emanating from beyond its borders but effective within them. *See Fenasci v. Travelers Insurance Co.,* 642 F.2d 986, 992 (5th Cir.), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 971, 71 L.Ed.2d 110 (1981) (fact that policy was not delivered in Louisiana would not preclude application of § 22:1406 given Louisiana's strong interests in applying its own law). *See also Bell v. State Farm Mutual Auto Ins. Co.,* 680 F.2d at 436–37.

For these reasons, the district court's denial of the motion for partial summary judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.

(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom . . .