581 So.2d 1036 (1991)
Mary E. Francis and William Carl FRANCIS
v.
The TRAVELERS INSURANCE COMPANY, et al.
No. CA 900311.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
Rehearing Denied July 31, 1991.
*1038 Dué Smith, & Caballero, Walter L. Smith, Baton Rouge, and Robert J. Carter, Greensburg, for plaintiffs-appellees.
William L. Schuette, Jr., Baton Rouge, Adams and Reese and Karen L. Lewis, *1039 New Orleans, for defendant-appellant Motorist Mut. Ins. Co.
Before SAVOIE, CRAIN and FOIL, JJ.
FOIL, Judge.
Plaintiffs, William and Mary Francis, brought this action for personal injuries sustained in an automobile accident. Defendant, Motorists Mutual Insurance Company (Motorists), appeals from two judgments awarding plaintiffs damages pursuant to the underinsured motorist provisions of a Motorists policy. Plaintiffs answered the appeal. We affirm one of the judgments of the trial court, amend the other, and as amended, affirm the second judgment.

FACTS
The plaintiffs were injured in an automobile accident in Louisiana on January 18, 1986. They were guest passengers in a vehicle driven by Steven Cowger and owned by Susannah Degarmo. Their automobile collided with a pickup truck owned by Bobby Spears and operated by his son, Bobby Spears, Jr. Both plaintiffs suffered injuries in the accident, which was caused solely by the fault of Bobby Spears, Jr.
The plaintiffs are residents of Louisiana, as were Bobby Spears, Jr. and all of the passengers who were occupying his truck on the date of the accident. Steven Cowger and Susannah Degarmo are residents of Ohio. Motorists, an Ohio corporation, issued a policy of insurance to Susannah Degarmo, naming Steven Cowger as an insured, and providing uninsured-underinsured motorist coverage on the vehicle involved in the accident. The policy in question was issued and delivered to Degarmo at her Ohio address. The Motorists policy provides a combined single limit of $300,000 for uninsured-underinsured motorist coverage, and a $10,000 per person limit on medical payments coverage.
The Travelers Insurance Company (Travelers) issued a liability policy covering the tortfeasor's pickup truck. This policy providing $100,000 of coverage on the Spears vehicle.
The plaintiffs filed suit in the St. Helena Parish district court to recover their personal injury damages. Included among the defendants were Bobby R. Spears (individually and as administrator of the estate of his minor son); Travelers, the Spears liability insurer; Motorists, the insurer of the Degarmo vehicle; and Champion Insurance Company, the uninsured motorist insurer of plaintiffs.[1] Motorists filed a declinatory exception of lack of jurisdiction, improper service and citation. The State of Louisiana, Department of Health and Human Resources (DHHR), filed a petition of intervention seeking recovery of medical expenses for treatment rendered to plaintiffs at Charity Hospital. Subsequently, without seeking a ruling on its exception, Motorists filed an answer to the petition of intervention by DHHR. Motorists then answered plaintiffs' petition and filed a third party demand against Bobby R. Spears for indemnification. As third party plaintiff and defendant, Motorists also requested a trial by jury on all issues.
We find it pertinent to note at this point that in a companion case to this one, the entire Travelers policy limits of $100,000 were paid and exhausted by eight different personal injury claims arising out of the accident, including the claims of the plaintiffs. In that case, brought in Washington Parish, Travelers deposited $116,558.90 (the policy limits plus accrued legal interest) into the registry of the court. Pursuant to a consent judgment, William Francis received $4,531.23 and Mary Francis was paid a total of $39,083.27. In addition, DHHR received $1,724.33 on behalf of plaintiffs, as partial satisfaction of its intervention. As a result of this compromise, Travelers, Bobby R. Spears and DHHR were dismissed from the instant suit. The third party demand by Motorists against Bobby Spears was also dismissed. Thus, *1040 at the time of trial, Motorists was the sole remaining defendant.
The claim of William Francis was severed for trial purposes as his claim was reduced below the jurisdictional threshold for a jury trial by the payment made by Travelers. As such, his claim was presented in a bench trial held on July 10, 1989. After taking the matter under advisement, the trial court rendered judgment in favor of William Francis against Motorists in the principal amount of $9,999.99, plus legal interest on that amount from date of judicial demand.
A jury trial on the merits of the claim of Mary Francis was held on July 11 and 12, 1989. In response to special interrogatories, the jury returned a verdict in favor of Mary Francis against Motorists in the amount of $208,713.43. The jury also found that Motorists was arbitrary, capricious and without probable cause in refusing to make an unconditional tender to Mary Francis. Based on the jury's finding and pursuant to stipulation, the trial court applied the statutory penalty of 12% to the principal amount. The jury further awarded attorney's fees of "1/3" of the general award. The trial court ordered that Motorists receive a credit of $34,632.79, representing the principal amount of liability insurance payments received by Mary Francis from Travelers. The court applied the penalty to the adjusted amount of $174,080.64, which equals $20,889.68. The court further ordered the payment of $58,026.88 as attorney's fees. Finally, the trial court decreed that legal interest run from the date of judicial demand on the total judgment of $252,997.20.
It is from both judgments against it that Motorists brings the instant appeal. It specifies the following as error:
1. Ohio law applies to the interpretation of the Motorists policy, which would affect the judgments in the following respects:
A. Under Ohio law, Motorists is entitled to a reduction of its limit of liability by all sums paid because of bodily injury by or on behalf of persons who were legally responsible and for payments made by Motorists as a result of this accident;
B. Under Ohio law, in order to recover punitive damages and attorney's fees, plaintiffs must prove that Motorists was guilty of actual malice, insult, oppression, or fraud and that some additional injury or loss resulted from Motorists' conduct;
2. Alternatively, if Louisiana law applies to the interpretation of the Motorists policy, the trial court's decision is erroneous in the following respects:
A. Motorists was entitled to a full credit for all payments made by Travelers to plaintiffs;
B. The award of reasonable attorney's fees under La.R.S. 22:658 was a determination to be made by the trial court rather than the jury, and the determination of reasonable attorney's fees based solely upon a contingency fee contract was erroneous;
C. The trial court erred in awarding penalties of 12% instead of 10% under La.R.S. 22:658, because plaintiffs' right to the statutory penalty occurred after the date that a 10% penalty became effective;
D. Interest on attorney's fees and penalties under La.R.S. 22:658 should be calculated from the date of the trial court's judgment, not from the date of judicial demand; and
3. The trial court erred in exercising personal jurisdiction over Motorists.
The plaintiffs filed an answer to defendant's appeal seeking the following relief:
1. An increase in the award of attorney's fees for additional work caused by defendant's appeal;
2. In the event Ohio law is held to be applicable, an increase in penalties to include punitive damages and damages for mental anguish;
3. Damages for defendant's frivolous appeal regarding personal jurisdiction;
4. Costs of the appeal to be taxed to defendant; and
5. An increase in the amount of penalties to 200% of the amount owed pursuant to the amendment of La.R.S. 22:1220 *1041 because defendant has not paid the judgment and no suspensive appeal was taken.

JURISDICTION
Motorists contends that the trial court erred in exercising personal jurisdiction over it. We disagree. On May 29, 1986, Motorists filed a declinatory exception of lack of personal jurisdiction. This exception was never pursued by Motorists. Thereafter, without obtaining a ruling on the exception, Motorists answered the petition of intervention and the main demand, and filed a third party demand.
La.Code Civ.P. art. 6(3) provides that personal jurisdiction may be based on the submission of a party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto. Article 7 states that a general appearance, either personally or through counsel, subjects a party to the jurisdiction of the court and impliedly waives all objections thereto except in seven specific instances, none of which can be construed to cover the present situation. Motorists made a general appearance and submitted itself to the jurisdiction of the Louisiana courts when it answered the petition of intervention and main demand, and filed a third party demand. In fact, Motorists went on to participate in both of the Francis trials by seeking a favorable ruling on the merits of their claims.
In QuicKick, Inc. v. QuicKick International, 304 So.2d 402, 406 (La.App. 1st Cir.), writ denied, 305 So.2d 123 (La. 1974), we stated:
[T]he filing of an answer subjects the defendant to the jurisdiction of the Court unless he has first insisted on a decision on his exception to the jurisdiction over his person. It would be completely inconsistent to permit a defendant to proceed to trial on the merits in a court which he claims to have no jurisdiction over his person, and permit him to reserve any rights under his exception which he has not insisted be decided prior to trial.
Clearly, Motorists waived its right to object to the jurisdiction of the court by making a general appearance and participating in both trials on the merits prior to obtaining a ruling on its declinatory exception.
While we do find that this assignment of error lacks merit, we deny plaintiffs' request that we award damages for defendant's frivolous appeal regarding personal jurisdiction.

APPLICABLE LAW
Motorists contends that Ohio law should govern the interpretation of the uninsured motorist coverage of its policy of insurance which was issued in Ohio to an Ohio resident. Plaintiffs argue that Louisiana law applies to the interpretation of the Motorists policy which covered a vehicle involved in an accident in Louisiana where victims of the accident, as well as the tortfeasor, are residents of Louisiana. The applicable law is relevant as to recovery from the insurer with respect to the enforceability of a limit of liability provision in the Motorists policy, and the authority to award statutory penalties and attorney's fees based on Motorists' conduct in handling claims made under its policy's provisions. A conflict exists between the law of Ohio and the law of Louisiana in that a different result will be reached depending upon which state's law is applied to the undisputed facts of this matter.
Rigid application of the lex loci contractus rule of conflicts of laws has ceased in Louisiana. As noted by the court in Sutton v. Langley, 330 So.2d 321, 327-328 (La.App. 2d Cir.), writs denied, 332 So.2d 805, 820 and 333 So.2d 242 (La. 1976), the intent of the Restatement (Second) of Conflict of Laws, Vol. 1, Chapter 8 (1969), to accomplish this result is evidenced by the Introductory Note:
2. The Changes.
The original Contracts Chapter has been changed in four principal ways. First, the original Restatement did not acknowledge any power in the parties to choose the applicable law. The present Chapter recognizes that the parties have such power subject to certain limitations *1042 (see § 187). Second, the present Chapter no longer says dogmatically that, in the absence of an effective law by the parties, the validity of a contract is governed by the local law of the place of contracting. Instead, the applicable law is now said to be the local law of the state which, with respect to the particular issue, has the most significant relationship to the transaction and the parties (see § 188). Third, the original Restatement made a sharp distinction between matters of validity and matters of performance, stating that matters pertaining to damages, to sufficiency of performance and to excuse for nonperformance are governed by the local law of the place of performance rather than by the local law of the place of contracting. This distinction has now been abandoned, and in the present Chapter all issues involving contracts are said to be governed either by the law chosen by the parties or, in the absence of an effective choice, by the local law of the state which, with respect to the particular issue, has the most significant relationship to the transaction and the parties. Lastly, the original Restatement laid down rules applicable to the entire field of contracts and, except with respect to the location of the place of contracting, made no attempt to distinguish between particular kinds of contracts. Special rules for particular kinds of contracts are stated in Title B of this Chapter. [Emphasis added.]
The "interest analysis" theory for resolving conflicts of laws problems in Louisiana is the current proper approach. Id. at 326. Louisiana and federal courts have utilized this approach and applied the interest analysis to find Louisiana law applicable to uninsured motorist coverage in policies written in other states. See, e.g., Bell v. State Farm Fire & Cas. Co., 527 F.Supp. 300 (W.D.La.1981), aff'd, 680 F.2d 435 (5th Cir.1982), cert. denied, 459 U.S. 1088, 103 S.Ct. 572, 74 L.Ed.2d 934 (1982); Wilson v. State Farm Insurance Co., 448 So.2d 1379 (La.App.2d Cir.1984); Jones v. American Fire-Indemnity Insurance Company, 442 So.2d 772 (La.App.2d Cir.1983). Applying the same to this case, after weighing the interests of Ohio and Louisiana, we conclude that Louisiana interests are prevailing.
Initially, we note that the Motorists policy does not state that it shall be governed by Ohio law. On the contrary, the policy contains provisions relative to "out of state coverage," wherein it states that if accidents occur in other states, the policy will be interpreted to provide at least the minimum amounts and types of coverage required by the laws of such other states.
Clearly, Ohio has an interest in the uninsured motorist coverage issue. However, Motorists simply could not have contemplated its insured driving only in Ohio and the policy being governed solely by Ohio law. In fact, the territorial provision of the policy includes all of the United States. The contracting parties were surely aware then that the law of any state, including Louisiana, might be applicable to a particular claim.
Louisiana, on the other hand, has a great interest in regulating awards to victims injured on its highways and in protecting its citizens from uninsured or underinsured motorists.
After weighing the interests of both states, we conclude the interest of Louisiana outweighs the interest of Ohio. As such, we hold Louisiana law is applicable in this case.

LIMITATION OF LIABILITY
The policy issued by Motorists contains an endorsement to the uninsured motorists coverage which provides that "the limit of liability shall be reduced by all sums: Paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible." Motorists contends that the trial court erred in prohibiting the enforcement of this provision which would reduce the underinsured motorist limit by the $100,000 limit of the Travelers policy, as well as by the payment of $25,893.88 made by Motorists to Twila Cowger, another person injured in the accident.
*1043 We disagree with Motorists' contentions. The object of the UM statute, La.R.S. 22:1406, is to promote full recovery for damages by automobile accident victims, and any clause in a UM insurance contract in derogation of the mandatory requirements set forth in the statute is invalid insofar as it conflicts with the statute. Carona v. State Farm Insurance Company, 458 So.2d 1275, 1278 (La.1984).
An uninsured motorists insurer is responsible for the damages suffered by an insured which are in excess of the liability insurance of the negligent motorist and which have not been paid by the negligent motorist or by someone responsible for his fault or by someone solidarily liable with him. W. McKenzie & H. Johnson, Insurance Law and Practice, 15 La.Civil Law Treatise § 119 (1986). When the tortfeasor's full liability policy limits are not available to the UM insured due to multiple claimants, the UM insurer should be entitled to credit only for the liability coverage available to the insured. Id. § 127. Because of the multiple claims filed against the insurer of the tortfeasor's vehicle and the apportionment of the Traveler's policy proceeds, only a portion of the total amount of damages suffered by plaintiffs was satisfied. Any credit reducing the uninsured motorists limits by the entire amount of the liability insurance of the tortfeasor (regardless of the fact that plaintiffs only received a portion thereof), or by payments made to another insured under the Motorists policy, would not be in conformity with the intent and purpose of the UM statute which is designed to allow full compensation for the entire extent of insureds' damages.[2]See La.R.S. 22:1406 D(4)[3]; Carona v. State Farm Insurance Company, 458 So.2d at 1278-1279.
We conclude plaintiffs are entitled to recover that portion of their damages determined at trial which was not recoverable from the liability insurance proceeds paid by Travelers from the UM insurer, Motorists, up to the limits afforded by the policy.
Motorists contends in the alternative that the trial court failed to allow full credit for all payments made by Travelers to plaintiffs. This contention is without merit.
Plaintiffs received total payments from Travelers in the amount of $38,897.78, excluding interest. In the judgment in favor of Mary Francis, the trial court ordered that her total award be subject to a credit of $34,632.79 for the principal amount of liability insurance payments she had already received. In the proposed findings of fact and conclusions of law filed by William Francis, he specifically stated that defendant was entitled to a credit of $4,264.99, representing the principal amount of insurance payments he had received. While the trial court did not mention the credit in the judgment in favor of Mr. Francis in the amount of $9,999.99, we are fully convinced that it allowed a credit in exactly that amount. We so conclude because, when added to the amount of credit allowed in the Mary Francis judgment, one arrives at precisely the correct total credit which Motorists is entitled to. Motorists is not entitled to a credit of interest paid to plaintiffs.

PENALTIES
Motorists requests that this court amend the trial court judgment rendered in favor of Mary Francis to award a 10%, rather than a 12% penalty on the judgment. Motorists argues that plaintiff's right to the penalty came into existence 60 days after a *1044 satisfactory proof of loss was submitted, which occurred after the date the applicable statute was amended to provide for a penalty of 10%.
La.R.S. 22:658 currently provides for a penalty of 10% on the total amount of the loss for the insurer's failure to timely pay an insured's claim. The 10% penalty was changed from a 12% penalty by La. Acts 1986, No. 132, § 1, effective June 26, 1986. The statutory amendment was substantive in nature and will not be applied retroactively. Therefore, the time when the right to the penalty comes into existence determines which penalty percentage applies. Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, 554 So.2d 1347 (La. App. 1st Cir.1989).
At all pertinent times herein, La. R.S. 22:658 required insurers to pay the amount of any claim within 60 days of satisfactory proof of loss. Accordingly, the right to a penalty comes into existence after the passage of that time period. Id. at 1354.
We note that there is no evidence in the record regarding proof of loss or when it was made. Motorists argues in brief to this court that requisite proof was not presented until June 2, 1986, the date of a letter written by plaintiffs' counsel attaching plaintiffs' medical records from St. Helena Hospital. In brief, plaintiffs also make reference to this letter which was entered into evidence as Plaintiff's Exhibit 6 in the trial of William Francis. However, plaintiffs also direct our attention to a letter dated January 27, 1986 from plaintiffs' counsel to a Motorists agent in Ohio, and to evidence in the record that Motorists was sued with a petition setting forth facts concerning damages and liability on April 1, 1986. We conclude that, at the earliest, Motorists received satisfactory proof of loss as of June 2, 1986. Allowing time for the sixty-day period in which the insurer must make payment, plaintiff's right to a penalty did not come into existence until after the amendment to La.R.S. 22:658 changing the penalty from 12% to 10%. That portion of the judgment awarding penalties of 12% is in error.
In plaintiffs' answer to defendant's appeal, they ask this court to increase the amount of penalties to 200% of the amount owed pursuant to the amendment of La. R.S. 22:1220. That provision was added by La.Acts 1990, No. 308, § 1, effective July 6, 1990. Judgment was rendered in this case on August 8, 1989, and defendant filed a petition for devolutive appeal in November, 1989. The provision plaintiffs refer to is clearly not applicable to the facts of this case.

ATTORNEY'S FEES
Motorists contends that the trial court erred in allowing the attorney's fee award to be determined by the jury rather than the court, and in allowing the jury to determine "reasonable attorney's fees" based solely upon the contingency fee contract.
The issue of an amount of an attorney's fee is a question of fact and plaintiffs may present evidence on this issue to the jury. Nelson v. Allstate Insurance Company, 464 So.2d 1015, 1021 (La. App. 1st Cir.1985). In fact, Motorists specifically requested a jury trial as to all issues and, as such, the issue of attorney's fees was within the fact finding function of the jury. Furthermore, the factfinder may consider the employment contract as one of the factors in the adjudication of attorney's fees. Shepard v. State Farm Mutual Automobile Insurance Company, 545 So.2d 624 (La.App. 4th Cir.), writ denied, 550 So.2d 627, 628 (La. 1989).
We note that an attorney's fee is subject to review and control by the courts. While a court must allow the introduction of all admissible evidence when attorney's fees are claimed, nevertheless, proof of the value of an attorney's services is not necessary where the services are evident from the record. Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, 554 So.2d at 1354-1355.
The jury in this case decided that Motorists was arbitrary and capricious for not paying the plaintiff's claim within 60 days as provided by La.R.S. 22:658. Accordingly, *1045 the jury found one-third of the principal amount of the judgment to be a reasonable amount of attorney's fees. The jury's conclusions with regard to assessment of attorney's fees under that statute is in part a factual determination which should not be disturbed absent a finding that it is manifestly erroneous. While no evidence was presented on the issue of attorney's fees other than the contingency fee contract, after reviewing the record, we find no manifest error in the award of attorney's fees in this case.
Pursuant to the jury award of attorney's fees equalling one-third of the principal amount of the judgment, judgment was rendered in favor of Mary Francis against Motorists in the amount of $58,026.88. Although no evidence was adduced regarding the reasonableness of the fee, the record is replete with proof of the tremendous amount of work done by counsel on behalf of Mary Francis. Plaintiff's counsel was obviously very thorough throughout the litigation and achieved a successful result for his client. It is evident that the contractual one-third attorney's fee awarded in the amount of $58,026.88 is reasonable and adequately compensates plaintiff's counsel for his services. Furthermore, plaintiffs are not entitled to any additional attorney's fees for this appeal since defendant has obtained some relief on appeal (the decrease in penalty percentage from 12% to 10%). Burgess v. City of Baton Rouge, 477 So.2d 143 (La. App. 1st Cir.1985) and Bischoff v. Old Southern Life Insurance Co., 502 So.2d 181 (La.App. 3rd Cir.1987).

INTEREST
Finally, Motorists contends the trial court erred in awarding legal interest from the date of judicial demand on the total amount of the judgment. Motorists argues that interest on penalties and attorney's fees runs only from the date of the trial court's judgment. Motorists' contention is correct. Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, 554 So.2d at 1355.

DECREE
For the foregoing reasons, the judgment in favor of Mary Francis is amended to award a 10% penalty on the principal amount of the judgment. The same judgment is further amended to award legal interest on the 10% penalty and attorney's fees from the date of said judgment. In all other respects, both judgments of the trial court are affirmed. Motorists is cast for the costs of this appeal.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] During this litigation, Champion Insurance Company filed for bankruptcy and an Order of Liquidation was entered in the record.
[2] However, reduction clauses should be enforceable to the extent that such clauses preclude double recovery. W. McKenzie & H. Johnson, Insurance Law and Practice, 15 La.Civil Law Treatise § 127, n. 48.10 (Supp.1990). Accordingly, when insureds receive full dollar-for-dollar compensation for their total damages, the credit provisions of reduction clauses should not offend the uninsured motorists statute. Id. § 134, n. 96 (1986). On the other hand, reduction clauses should not be enforced when doing so would preclude full recovery by a UM insured.
[3] We are not precluding enforcement of the limit of liability endorsement based on La.R.S. 22:1406 D(1)(a)(iii) as Motorists asserts. That provision, which indeed was not in effect when the Motorists policy was issued, concerns the requirement of UM coverage. As the Motorists policy provides for UM coverage, whether the same is required by Louisiana is not an issue.