1 iHIGHTOWER, Judge,
dissenting.
The majority concludes that penalties and attorney’s fees, in this instance, are governed by the law in effect in 1981. I disagree. Lynn’s cause of action for penalties and attorney’s fees arose when, after the first trial (February 1990) and before the second trial (November 1992), Travelers refused to pay any of the medical expenses then being incurred. Hence, the law in effect during that time controls with respect to penalties and attorney’s fees. Francis v. Travelers Ins. Co., 581 So.2d 1036 (La.App. 1st Cir.1991), writs denied, 588 So.2d 1114, 1121 (La.1991); Blewer v. Continental Assur. Co., 394 So.2d 842 (La.App. 3d Cir.1981), writ denied, 399 So.2d 602 (La.1981).
During that period, LSA-R.S. 23.T201(E) provided that an employer and its insurer would be subject to a twelve percent penalty for not expediently remitting an installment of compensation, unless the employee’s right to such compensation had been reasonably controverted. The statute did not, however, concern the payment of medical expenses. Dubois v. Diamond M Co., 559 So.2d 777 (La.App. 3d Cir.1990), writ denied, 563 So.2d 866 (La.1990). Notably too, Act No. 1003 of 1992, effective January 1, 1993, specifically amended this provision so that its terms would thereafter include the failure to pay medical benefits. Accordingly, in the case sub judice, the trial court did not err in rejecting appellant’s claim for penalties.
Anent Lynn’s claim for attorney’s fees, the majority correctly observes that a claimant is entitled to such an award if the failure to pay a claim is found to be arbitrary and capricious. LSA-R.S. 23:1201.2; McKenzie, supra. Even so, the record here by no means justifies the $8,000 sum now being granted.
In fixing such an award, consideration should be directed at the degree of skill and work involved, the number of court appearances, the depositions, the office work, and the time spent in court. It is also appropriate to consider the additional time and effort expended on appeal. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990). When awarding attorney’s fees concerning the November 1992 trial and appeal before us, however, it is obviously improper to include work done in connection with the February 1990 proceeding. Although Lynn found ^himself hiring an attorney and appearing in court for a second time, the issues in this matter are not significantly complicated. As a matter of fact, a previous panel of this court had already delineated those injuries which could be related to Lynn’s 1981 accident. Understandably, the efforts of plaintiffs attorney concentrated, in large part, on simply re *145 sponding to the defenses subsequently posed. Under such circumstances, an award of $4,000 in attorney’s fees would be adequate. Indeed, in the 1991 appeal, even when addressing the extent to which Lynn’s various injuries had been caused by the work accident, this court awarded exactly that amount in attorney’s fees. Lynn, supra; cf. Frazier, supra.
I respectfully dissent.